28318. ZUGAR, for use, *v.* GLEN FALLS INDEMNITY CO. *et al.*

DECIDED NOVEMBER 20, 1940.

*Maddox & Griffin,* for plaintiff.
*Wright & Willingham, Rosser & Shaw,* for defendants.

GARDNER, J. Max Zugar filed suit against the sheriff of Walker County and his bondsman, alleging that he had theretofore in his own name brought a bail-trover action in Walker County against certain named defendants, to recover the following property: "seventy-five (75) tons of eighteen (18) pound and twenty (20) pound rails; platform scales, drum and cable; for [four] to five (5) thousand feet of 1¼-inch pipe; engine; fan, stump puller; and thirty (30) mine cars, of the value of $6000," in which action he expressly disclaimed title, but alleged that at the time of the alleged wrongful conversion he was "in possession of the property described in said petition and was and is entitled to possession of the same, and the defendants wrongfully took possession thereof and withhold possession from him." He alleged that in said trover suit he had recovered a verdict and judgment awarding the possession of said property to him; that the sheriff had never seized said property as was his duty, nor did he take a bond as was required in said proceeding, and that such failure to act was "an unfaithful

performance of his duties as sheriff," and rendered him and his bondsman liable for resultant damages. He also alleged that said property, which was alleged to have been of the value of $6000, was not forthcoming to answer said judgment, and that the plaintiff recovered possession only of named articles of the value of $500, the remaining articles having been moved away, and that he brought his action against these defendants for $5500 as damages. The present action, as originally filed against the sheriff and his bondsman, was in the name of Max Zugar individually. By amendment it was changed to "Max Zugar suing for the use of Mrs. Max Zugar." The plaintiff further alleged "that all the property sought to be recovered and set forth in said trover proceeding was the property of and belonged to Mrs. Max Zugar, and that petitioner was in possession, custody, and control of the same as bailee of the said Mrs. Max Zugar." The petition as amended was demurred to generally, among other grounds, because it failed to allege that the plaintiff was the owner of the property, failed to allege what the right of possession of said property was worth at the time of the filing of the trover suit, petition failed to allege any measure of damages, and failed to allege what was the value of the right of possession in said property at the time of the filing of the trover suit. Exceptions are taken to the sustaining of this demurrer. We think the demurrer was properly sustained. "Mere possession of a chattel, though without title or wrongful, shall give a right of action for any interference therewith, except as against the true owner or the person wrongfully deprived of possession." Code, § 105-1702. Interference with bare possession of property will likewise give rise to a cause of action for damages in favor of the possessor. The measure of damages to the owner of land and the measure of damage to a tenant in possession of land are entirely separate and distinct. *Central of Georgia Railway Co.* v. *Kelley*, 7 Ga. App. 464 (2) (67 S. E. 118). "While at common law and by statute in this State, 'mere possession of a chattel . . will give a right of action for any interference therewith,' such possession must be in the plaintiff's own right, and not as agent of another." *Mitchell* v. *Georgia & Alabama Railway*, 111 Ga. 760 (36 S. E. 971, 51 L. R. A. 622); *Burch* v. *Pedigo*, 113 Ga. 1157 (39 S. E. 493, 54 L. R. A. 808); *Beverly* v. *Wilson*, 19 Ga. App. 393 (91 S. E. 515). "In cases of bailments, where the posses-

sion is in the bailee, a trespass committed during the existence of the bailment shall give a right of action to the bailee for the interference with his special property and a concurrent right of action to the bailor for the interference with his general property." Code, § 105-1704. The trover action instituted by Max Zugar specifically alleged that his possession was not that of an owner. He could recover the property itself or the damage to this special interest therein. Not having title to the property, he could not, as in a suit brought by the owner and possessor, recover the highest proved value of the property. While in an ordinary trover action brought by the owner of the entire interest in the property the plaintiff may recover in an alternative verdict the highest proved value of the property, as is provided in Code, § 107-103, where he has no title but only a special interest in the property, and elects to take a money verdict, the measure of the damage is the value of that interest. *Roper Wholesale Grocery Co.* v. *Faver*, 8 *Ga. App.* 178 (3) (68 S. E. 883); *Holmes* v. *Langston*, 110 *Ga.* 861, 867 (36 S. E. 251); *Bigelow* v. *Young*, 30 *Ga.* 121 (5). In the case last cited it was held, that "Trover is an action for damages done to the right of possession, and amount of the damages depending therefore upon the extent of the right," and that it is competent to show the quantity of the plaintiff's interest. "In trover by one having a partial interest in the chattel converted, he can recover only an equivalent for his interest." *Russell* v. *Kearney*, 27 *Ga.* 96 (4).

The plaintiff, Max Zugar, took a verdict for the property. If he had elected to take a money verdict, the suit would have become an action for damages, and the measure would have been the value of his special interest in the property, he having alleged that he was only a bailee of the property sued for. If in the trover action he had alleged that he was in possession merely as agent for his wife, the petition would have been subject to general demurrer. See *Burch* v. *Pedigo*, and *Mitchell* v. *Georgia & Alabama Railway*, supra. The trover petition alleged a special interest as bailee in the plaintiff, and any damages recoverable were restricted to the value of, or damage to, such special interest. In a suit against a sheriff and his bondsman for failure to levy, as in this case, the owner of a special interest in the property can not recover any sum as damages greater than the amount of damage he sustained, which in

any event can not be greater than the value of the special interest. By amendment he disclaimed any damage to his special interest, sued for the use of the real owner of the property, and fixed the damages as the value of the entire interest. The real owner of the property, Mrs. Max Zugar, not having been a party to the trover action, is not entitled to recover against the sheriff and his bondsman for the sheriff's failure to act in a suit to which she was not a party and in which her interest or title was not involved.

Under this view of the case it becomes unnecessary to determine whether an officer is liable for a failure to levy on property whose description is insufficient to point it out to him, although a judgment had been obtained in a suit brought, there being no demurrers filed because of lack of description.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*