## 73034. JEWELER'S FINANCIAL SERVICES, INC.
## v. CHAPES, LTD.
### (354 SE2d 200)

POPE, Judge.

Jeweler's Financial Services, Inc., appellant, filed a case in trover in order to recover the value of a ring pawned to Chapes, Ltd., appellee. The trial court dismissed the action on the basis that appellant had failed to show proof of an essential element of its case; appellant brings this appeal.

Harvey Allen Ward, alias Todd Ward, purchased a man's five carat diamond ring from appellant's store and there obtained a line of credit on which to pay the balance of the purchase price. He also signed both a sales slip containing a condensed version of a purchase money security agreement and a Uniform Commercial Code (UCC) financing statement, duly filed by appellant. The sales slip provided that the "[s]eller . . . retains a security interest in the goods described hereon until the unpaid balance of such goods . . . is fully paid and it is expressly agreed and understood that in case of default, Seller shall be entitled to possession of the goods . . . and/or the entire balance shall become due and payable immediately." The security agreement contained comparable language.

Approximately five months later, Ward pawned the ring to appellee before he had paid the balance of the purchase price. Ward waited approximately six months and sold the pawn ticket to the principal shareholder of appellee, who, in turn, sold the ring to a diamond dealer in New York. At the time of trial, the diamond dealer's whereabouts were unknown. Subsequently, appellant learned that Ward had pawned the ring, whereupon appellant instituted foreclosure proceedings and obtained a valid writ of possession. Upon discovering that possession of the ring was impossible, appellant filed a complaint in trover to obtain a money judgment for its damages. The trial court heard evidence from the parties, then dismissed the case on the ground that appellant had failed to present evidence of the value of its security interest in the ring, an essential element of the case.

1. Appellant contends that the trial court erred in finding that the interest which appellant acquired after foreclosure on the secured property was less than absolute ownership. We disagree. We note at the outset that appellant concedes that the security agreement created a creditor-debtor relationship between itself and Ward wherein it retained a security interest in the ring, and the trial court so found. The default provisions of the UCC do not automatically transfer title

to a secured creditor merely by reason of the debtor's default. See OCGA § 11-9-501 et seq. These provisions give broad rights to a secured party to repossess the secured property in order to sell or otherwise dispose of it upon default. At the time that appellant foreclosed on the secured property, it obtained the right of possession, not absolute title. Id.; see also *Rose City Foods v. Bank of Thomas County*, 207 Ga. 477 (2) (62 SE2d 145) (1950). Therefore, the trial court did not err in finding that appellant's interest after foreclosure was less than absolute ownership.

2. In light of our holding in Division 1, supra, the trial court did not err in finding that the measure of damages, if any, was limited to the value of appellant's security interest. See *Holmes v. Langston & Woodson*, 110 Ga. 861, 867 (36 SE 251) (1900), and cits.

3. Appellant argues that the trial court erroneously struck the testimony of its district manager. The record reveals that appellant introduced evidence of the amount which it paid for the ring and evidence of the amount for which it sold the ring to Ward. However, appellant failed to introduce evidence of the value of its security interest in the ring, i.e., the balance due of the purchase price. Despite this oversight, the trial court recalled the manager to the witness stand and inquired as to the total amount paid by Ward towards the ring's purchase price. The manager testified that his knowledge of the amount paid was based on out-of-court conversations with other employees and on a business record which the court had previously held inadmissible. The trial court then struck his testimony.

Appellant argues that the trial court erred in this regard because the manager testified that his knowledge was from "other sources" and all witnesses are presumed to speak the truth. However, OCGA § 24-3-1 (a) defines as hearsay evidence "that which does not derive its value solely from the credit of the witness but rests mainly on the veracity and competency of other persons." Hearsay is never admissible and has no probative value unless it comes within an exception to this rule. See *Tompkins v. West*, 123 Ga. App. 459 (4) (181 SE2d 549) (1971). The manager's testimony was not based on personal knowledge derived from direct examination of an independently authenticated source, but from out-of-court conversations which were beyond the ability of appellee to cross-examine. As such, the testimony had insufficient credit to be admissible. See *Irby v. Brooks*, 246 Ga. 794 (I) (273 SE2d 183) (1980).

4. Appellant argues that the trial court erred in holding that the value of the property interest which it held in the ring had not been shown. As authority, appellant cites case law holding that evidence of the agreed contract price between the seller and purchaser is sufficient to prove the value of the property in a trover action. E.g., *Kirkland v. Chrysler Credit Corp.*, 119 Ga. App. 759 (2) (168 SE2d 650)

(1969); *Watson v. Tompkins Chevrolet Co.*, 83 Ga. App. 440 (63 SE2d 681) (1951). However, in the case sub judice, appellant did not have title to the property and thus could not recover the highest proved value of the property. "While in an ordinary trover action brought by the owner of the entire interest in the property the plaintiff may recover . . . the highest proved value of the property, . . . where he has no title but only a special interest in the property, and elects to take a money verdict, the measure of the damage is the value of that interest. [Cits.]" *Zugar v. Glen Falls Indem. Co.*, 63 Ga. App. 660, 662 (11 SE2d 839) (1940).

*Judgment affirmed. McMurray, P. J., concurs. Carley, J., concurs in Divisions 2, 3 and 4 and in the judgment.*

DECIDED FEBRUARY 25, 1987.

*Donald R. Donovan*, for appellant.
*Christopher J. Valianos*, for appellee.