### 77717. ANTON INTERNATIONAL CORPORATION v. WILLIAMS-RUSSELL & JOHNSON, INC. et al.
(378 SE2d 688)

DEEN, Presiding Judge.

On July 15, 1985, the appellant, a company that recruits employees for engineering firms, entered an agreement with one of the appellees, Williams-Russell & Johnson, Inc., under which Williams-Russell agreed to pay the appellant a fee should it hire a person directly or indirectly through the appellant's referral within one year of such referral. Subsequently, that appellee interviewed Vincent Sakraida, who had been referred by the appellant, but by October 1985 had decided against hiring him. In February 1986, however, it did employ Sakraida. The appellant discovered this employment in April 1986 and demanded payment of a commission under the agreement. The appellees refused, claiming that Sakraida's employment resulted independently from the referral of a friend of Sakraida's who worked for Williams-Russell.

The appellant subsequently commenced this action, and following the trial the jury awarded the appellant $9,300. The trial court had almost granted the appellees' motion for directed verdict prior to submitting the case to the jury, and ultimately did enter judgment for the appellees notwithstanding the verdict. *Held*:

Regardless of whether or not a reasonable deduction may be drawn that Sakraida's eventual employment by Williams-Russell resulted from the appellant's referral, the trial court probably granted judgment for the appellees notwithstanding the verdict because the appellant failed to prove its damages. Under the contract, the appellant's commission would be a percentage of the job referral's salary.

Despite the appearance of Williams-Russell's personnel director as a witness at the trial, the appellant did not elicit any testimony concerning Sakraida's salary. The only purported evidence submitted on this point was a figure of $30,000 indicated on a placement statement and invoice submitted by the appellant to the appellees, requesting payment of the commission. It is uncontroverted that the appellant verbally obtained this salary figure during a telephone contact with Sakraida.

This documentary material was admitted into evidence as business records under OCGA § 24-3-14. The indication of Sakraida's salary, derived solely from Sakraida's out-of-court statement, was hearsay, and hearsay which is a part of a business record generally is inadmissible. *Emmett v. State*, 232 Ga. 110 (6) (205 SE2d 231) (1974); *Coastal Health Svcs. v. Rozier*, 176 Ga. App. 240 (3) (335 SE2d 712) (1985). The appellees did not object to the admission of these business records in this case, but the hearsay information regarding Sakraida's salary has no probative value and cannot support a verdict. *Jeweler's Fin. Svcs. v. Chapes, Ltd.*, 181 Ga. App. 872 (3) (354 SE2d 200) (1987). The appellant having failed to prove its damages, judgment for the appellees notwithstanding the verdict was proper.

*Judgment affirmed. Carley, C. J., and Sognier, J., concur.*

DECIDED JANUARY 3, 1989.

*Richard M. Skelly*, for appellant.
*Marvin S. Arrington, Alfred J. Turk III, Carlton R. Stewart*, for appellees.