**MOTORS ACCEPTANCE CORPORATION, Plaintiff/Appellant,**

v.

**Derryl Franklin ROZIER Defendant/Appellee.**

No. 4:02–CV–167–2 (CDL).

United States District Court, M.D. Georgia, Columbus Division.

March 24, 2003.

Robert R. Lomax, Columbus, GA, for appellant.

Brace W. Luquire, William A. Edwards, Jr., Columbus, GA, for appellee.

Kristin Smith, Columbus, GA, Chapter 13 Trustee.

### ORDER

LAND, District Judge.

The Court presently has pending before it Motors Acceptance Corporation's ("Creditor" or "Motors Acceptance") appeal from the Bankruptcy Court's September 23, 2002, order granting Derryl Franklin Rozier's ("Debtor" or "Rozier") Motion for Contempt Against Motors Acceptance Corporation ("Motion for Contempt"). The Bankruptcy Court found that the automobile repossessed by Motors Acceptance a few days before Rozier filed for protection under Chapter 13 of the Bankruptcy Code should be included in the bankruptcy estate. The Court further found that Motors Acceptance was in willful contempt of the automatic stay under 11 U.S.C. § 362 when it refused to return the automobile. Having considered the briefs filed by both parties and the relevant law, the Court affirms the decision of the Bankruptcy Court.

### STANDARD OF REVIEW

In reviewing Bankruptcy Court judgments, a District Court functions as an appellate court. It reviews the Bankruptcy Court's legal conclusions *de novo,* but must accept the Bankruptcy Court's factual findings unless they are clearly erroneous. *In re JLJ, Inc.,* 988 F.2d 1112, 1116 (11th Cir.1993). The parties in this case do not dispute the Bankruptcy Court's factual findings. Rather, the Creditor's appeal is based solely on the Bankruptcy Court's conclusions of law. Consequently, this Court need not evaluate the Bankruptcy Court's factual findings but will analyze the Bankruptcy Court's legal conclusions *de novo.*

### FACTUAL BACKGROUND

As stated above, the facts in this case are not in dispute. On August 8, 2002, Motors Acceptance repossessed Rozier's automobile using the self-help procedure allowed by Georgia law. O.C.G.A. § 11–9–609. Rozier received loan financing from Charles Levy's MotorMax, who later assigned its interest in the loan to Motors Acceptance. On August 12, 2002, Rozier

filed a Chapter 13 Bankruptcy Petition. Rozier, through counsel, then tried to regain possession of the car, but Motors Acceptance refused to return the car to him. This refusal formed the basis for Rozier's Motion for Contempt. Following the granting of this motion by the Bankruptcy Court, Motors Acceptance filed the current appeal to this Court on November 5, 2002.

## DISCUSSION

■ The parties do not dispute that Motors Acceptance repossessed Rozier's automobile a few days prior to Rozier filing for protection under Chapter 13 of the Bankruptcy Code. Instead, their dispute involves the effect of that repossession on the parties' respective rights to that car and, specifically, whether the automobile should be included in the bankruptcy estate under 11 U.S.C. § 541 or whether it is properly excluded from the estate. Federal law describes what is included in a debtor's bankruptcy estate. 11 U.S.C. § 541.[1] However, state law determines whether a debtor has a property interest in a given item sufficient to warrant inclusion of that item in the bankruptcy estate. *Bell–Tel Fed. Credit Union v. Kalter,* 292 F.3d 1350, 1353 (11th Cir.2002). Therefore, the Court's resolution of the issue presented in this appeal will depend upon the interpretation of Georgia law.

Repossessed property has traditionally been considered part of the bankruptcy estate in cases decided pursuant to Georgia law. *See, e.g., Am. Honda Fin. Corp. v. Littleton,* 220 B.R. 710 (Bankr.M.D.Ga. 1998). Motors Acceptance, however, contends that the Eleventh Circuit has reached a contrary conclusion in cases construing Alabama and Florida law and urges the Court to extend those holdings to this case involving Georgia law. *See Charles R. Hall Motors, Inc. v. Lewis,* 137 F.3d 1280 (11th Cir.1998) (construing Alabama law), and *Bell–Tel Federal Credit Union v. Kalter,* 292 F.3d 1350 (11th Cir. 2002) (construing Florida law).

In *Lewis,* a debtor's right to redeem a repossessed vehicle, while property of the bankruptcy estate, was insufficient under Alabama law to bring the car itself into the estate. *Lewis,* 137 F.3d at 1284–85. The fact that title as well as possession passed to the creditor upon default influenced the court's decision. *Id.* at 1283–84. Despite its adoption of Article 9 of the Uniform Commercial Code ("UCC"), Alabama was found to continue to abide by the common law of conversion, under which all property interests pass to the creditor at the time of repossession except for the debtor's right of redemption. *Id.* Therefore, the Eleventh Circuit held that, under Alabama law, a vehicle which has been repossessed prior to the debtor filing bankruptcy is not included in the bankruptcy estate. *Id.* at 1284–85.

Four years later, the Eleventh Circuit faced a similar situation in *Bell–Tel Federal Credit Union v. Kalter,* 292 F.3d 1350 (11th Cir.2002). There, the court held that, as under Alabama law, a debtor's right to redeem vehicles which had been repossessed by the creditor prior to the debtor's filing for bankruptcy was insufficient to bring the vehicles themselves into the bankruptcy estate under Florida law. *Kalter,* 292 F.3d at 1355. After finding that Florida's version of the UCC did not establish a creditor's and debtor's respective rights in repossessed vehicles, the court turned to Florida's Certificate of Title statute for further assistance in deciding the issue. *Id.* at 1356–57. Construing

---

**1.** 11 U.S.C. § 541 provides, in pertinent part, that, with exceptions not herein applicable, the bankruptcy estate includes "[a]ll legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1).

that statute, the court found that it was clear that a creditor could "own a vehicle without a certificate of title or a certificate of repossession in its name." *Id.* at 1359. Accordingly, the Eleventh Circuit found that, since Florida law recognizes that ownership passes to the creditor at repossession, a repossessed vehicle was not part of the bankruptcy estate. *Id.* at 1360. As in *Lewis,* the *Kalter* court relied heavily on the notion that a debtor's right of redemption, without more, was not enough to include the car in the bankruptcy estate. *Id.*

 Neither the Alabama nor the Florida courts apparently have addressed the issue of how the provisions of Article 9 of the UCC affect when or if title passes upon repossession by a creditor. However, under Georgia law, there is clear case law which provides that, under the default provisions of the UCC, title does not automatically pass to the creditor upon the debtor's default, but instead, title remains with the debtor. *Jeweler's Fin. Servs., Inc. v. Chapes, Ltd.,* 181 Ga.App. 872, 872–73, 354 S.E.2d 200, 201 (Ga.App.1987).[2] In light of this interpretation of Georgia's version of Article 9 of the UCC, a debtor has more than the mere right to redeem after repossession by a creditor. More specifically, title remains with the debtor after repossession. As a result, the Eleventh Circuit's holdings in *Kalter* and *Lewis* are inapposite.

In this case, Motors Acceptance repossessed Rozier's car days before Rozier filed for Chapter 13 bankruptcy. Under Georgia law, title remained with Rozier even after repossession.[3] Title plus the right of redemption possessed by a debtor in default constitutes a substantial interest in the underlying property. Therefore, the Court finds that Rozier had a sufficient property interest in the automobile that was repossessed by Motors Acceptance for the vehicle to be included in the bankruptcy estate. By refusing to return the car to Rozier, Motors Acceptance was in contempt of the automatic stay provision of the Bankruptcy Code. 11 U.S.C. § 362.

## CONCLUSION

The Court finds that the automobile repossessed by Motors Acceptance prior to Rozier filing for Chapter 13 bankruptcy protection was properly included in the bankruptcy estate under Georgia law. Therefore, the Bankruptcy Court correctly found Motors Acceptance to be in contempt of the automatic stay provision of the Bankruptcy Code, 11 U.S.C. § 362. Accordingly, the Bankruptcy Court's granting of Rozier's Motion for Contempt is affirmed.

**2.** Georgia adopted a new version of Article 9 of the UCC as of July 1, 2001. New O.C.G.A. § 11–9–609 is substantially similar to former O.C.G.A. § 11–9–503, upon which the Georgia Court of Appeals based its decision in *Jeweler's Financial Services, Inc.* As such, the Court finds that case continues to be the controlling authority under Georgia law.

**3.** The Court notes that, like the Florida Certificate of Title statute discussed in *Bell–Tel Federal Credit Union v. Kalter,* Georgia's Certificate of Title statute contains a provision similar to Florida's which would allow a

creditor to sell a repossessed vehicle without a new certificate of title. O.C.G.A. § 40–3–34(b). However, the Court finds that this statute is not relevant, since the Georgia courts have clearly interpreted Georgia's Article 9 as providing that title remains with the debtor upon repossession. Solely because no such interpretation of Florida's version of Article 9 existed, the Eleventh Circuit had to rely upon that state's Certificate of Title statute in deciding *Kalter.* Such an analysis need not be undertaken under Georgia law.