ROCKWELL, APPELLANT, *v.* THOMAS, APPELLEE.

(No. 2669—Decided February 2, 1962.)

*Messrs. Iddings, Jeffrey & Donnelly,* for appellant.
*Messrs. Lair, Herkins, Lair & Wiseman,* for appellee.

SHERER, J. This is an appeal on questions of law from a judgment rendered by the Dayton Municipal Court in favor of defendant.

The parties will be referred to as they appeared in the trial court. Plaintiff, who held the certificate of title to a Lincoln automobile mortgaged to Gem City Finance Corporation, placed the vehicle in the possession of defendant for sale. Defendant was to sell it and remit the proceeds to plaintiff. Upon trial, at the close of plaintiff's case, the court sustained defendant's motion to dismiss, for the reason that plaintiff failed to prove a sale of the automobile.

Construing the evidence most favorably to plaintiff, it appears that plaintiff owned the Lincoln; that in August 1958 the parties entered into an agreement whereby the automobile was placed in defendant's possession; that defendant agreed to sell same, if possible, for $700 net to plaintiff; that thereafter, in November or December 1958, defendant put the automobile into the possession of one Joseph Clay under the terms of a written conditional sales contract, not in evidence; that defendant took from Clay a 1950 Buick, value not stated in evidence, and $50 in cash; that Clay was to pay an additional amount in cash of $75, Clay to make payments on plaintiff's mortgage account at Gem City Finance Corporation until he could get the car financed; that plaintiff agreed to do one or two things to the car which were necessary to a sale but which he failed to do; that, while the automobile was in the possession of Clay, the sum of $43 was paid on January 29, 1959, to the finance company by defendant on plaintiff's mortgage; and that soon thereafter Clay turned the car back to defendant and bought a Mercury automobile from him. It further appears that plaintiff paid off the loan to the finance company on January 21, 1960.

In this action, plaintiff seeks to recover $700 from defendant, alleging that defendant sold the automobile to Clay, that he tendered a certificate of title to defendant, but that defendant refused to complete the deal. At the close of plaintiff's case, defendant moved to dismiss for the reason that no sale was proved by plaintiff.

It is defendant's contention that no sale of an automobile can be made without compliance with Section 4505.03, Revised Code, which provides:

"No person, except as provided in Section 4505.05 of the Revised Code, shall sell or otherwise dispose of a motor vehicle without delivering to the purchaser or transferee thereof a certificate of title with such assignment thereon as is necessary to show title in the purchaser * * *."

The sole error assigned by plaintiff is that the trial court erred in applying this statute to the evidence in dismissing his petition.

A sale is an agreement whereby the seller transfers property to the buyer for a consideration called the price. A contract to sell is a contract whereby the seller agrees to transfer property to the buyer for a consideration called the price. 48 Ohio Jurisprudence (2d), 17, Section 4. A sale or a contract to sell may be absolute or conditional. 48 Ohio Jurisprudence (2d), 17, Section 5. The prime essential element and distinguishing feature of a contract of conditional sale is the reservation of title in the seller until the performance of some condition or the happening of some contingency, usually the full payment of the purchase price. 9 Ohio Jurisprudence (2d), 618, Section 3.

In the case before us, we have a conditional sale, the conditions being that the purchaser make an additional cash payment of $75, the arrangement to finance the balance by the purchaser, and the making of some minor repairs to the car by the seller necessary to a sale, title being reserved by the seller until the above conditions were met.

There was no sale because the contingencies or conditions of the contract were not met by either the seller or the purchaser.

Plaintiff would have been entitled to recover $700 from defendant only if he had made the minor repairs necessary to a sale, if Clay had paid an additional $75 in cash, if Clay had obtained a loan sufficient to complete payment of the balance of the $700 and if plaintiff had assigned his title to Clay. In other words, plaintiff is entitled to recover from defendant here only if he proves an absolute sale. No absolute sale has been proved because it is essential to an absolute sale that ownership of the property pass to the purchaser, and ownership of the automo-

bile by the terms of the agreement was to remain in plaintiff. Under the Ohio Certificate of Title Act, a change of ownership of an automobile is not consummated until a certificate of title is issued in the name of the purchaser. *Brewer* v. *DeCant,* 167 Ohio St., 411.

As we find no error in the record prejudicial to the rights of plaintiff, the judgment is affirmed.

*Judgment affirmed.*

CRAWFORD, P. J., and KERNS, J., concur.