**In re Alex S. (Stanley) WALLACE, Debtor.**

**Alex S. (Stanley) WALLACE, Plaintiff,**

**v.**

**G.M.A.C., Defendant.**

**Bankruptcy No. 2–89–00722.**
**Adv. No. 2–89–0066.**

United States Bankruptcy Court,
S.D. Ohio, E.D.

April 19, 1989.

Mitchel D. Cohen, Columbus, Ohio, for debtor.

Richard J. Welt, Donald A. Mullin, Columbus, Ohio, for GMAC.

Frank M. Pees, Worthington, Ohio, Chapter 13 Trustee.

## OPINION AND ORDER ON COMPLAINT FOR TURNOVER

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court on a complaint filed by Alex S. Wallace, a debtor in a Chapter 13 case pending before this Court. Defendant General Motors Acceptance Corporation ("GMAC") answered the complaint and the matter was tried to the Court.

The Court has jurisdiction in this proceeding under 28 U.S.C. § 1334(b) and the General Order of Reference previously entered in this district. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(E) which this Court may hear and determine.

## FACTUAL BACKGROUND

The following facts were agreed upon by the parties:

1. The plaintiff was party to a loan from GMAC secured by a lien against his 1987 Chevrolet automobile ("Vehicle"). That loan went into default.
2. The Vehicle was repossessed by GMAC in August, 1988.
3. After that repossession, but prior to any sale of the Vehicle, the plaintiff filed Chapter 13 case No. 2–88–04624.
4. At the plaintiff's request, GMAC returned the Vehicle.
5. Case No. 2–88–04624 was dismissed because the plaintiff failed to make the initial payment required under the statute.
6. GMAC again repossessed the Vehicle and rescheduled a sale.
7. On February 6, 1989, the plaintiff filed Chapter 13 case No. 2–89–00727. That case is now pending with a confirmation hearing scheduled for April 17, 1989.
8. Prior to the second bankruptcy filing and in preparation for the sale, GMAC obtained a "repossession" title to the Vehicle.
9. The plaintiff has no equity in the Vehicle, but it is needed for his reorganization under Chapter 13 of the Bankruptcy Code.
10. The plaintiff has made his first payment under the second Chapter 13 plan and is prepared to obtain insurance on the Vehicle as a precondition of its return to him.

## LEGAL ISSUES

GMAC argues that it does not have to turn over the Vehicle to the plaintiff because it is not property of the plaintiff's bankruptcy estate. GMAC asserts, pursuant to Ohio Revised Code § 1317.12, that the plaintiff has no right to redeem the Vehicle and that the issuance of title showing GMAC as owner extinguished the plaintiff's rights in the Vehicle.

The plaintiff, however, maintains that any change of legal ownership reflected by a title issued under Ohio Revised Code § 4505.10 is merely a ministerial accommodation for the lien holder and does not remove the property from the plaintiff's bankruptcy estate until the Vehicle has been disposed of by sale.

At the conclusion of the hearing, the Court orally ruled that the provisions of Ohio Revised Code § 1317.12, which foreclose a debtor's right under state law to redeem collateral if such right has been extended previously for the same obligation, would not operate to defeat a debt-

116

or's right to cure a default and modify the terms of an obligation under the provisions of Chapter 13. Section 1317.12 grants an enhanced redemption to debtors whose purchases are covered by Ohio's Retail Installment Sales Act. That Act does not supercede either the provisions of the Uniform Commercial Code or those of the Bankruptcy Code, however.

Therefore, the only issue remaining before the Court is whether the issuance of the repossession title to GMAC terminated the debtor's legal and equitable rights in the Vehicle. If such rights were terminated, the Vehicle would not be property of the bankruptcy estate and, under the rationale of *United States v. Whiting Pools, Inc.,* 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983), GMAC would not be required to return the Vehicle to the plaintiff.

### CONCLUSIONS OF LAW

The Court finds that the provisions of § 1309.49 of the Ohio Revised Code (U.C.C. § 9–506) give the plaintiff the right to redeem the Vehicle after repossession until the secured party has disposed of it or entered into a contract for its disposition. Further, such disposition by public or private proceeding has the effect of transferring to a purchaser for value all of the plaintiff's rights in the property and discharging the security interest under which it is made. Ohio Revised Code § 1309.47 (U.C.C. § 9–504).

It is clear that mere transfer of a title to GMAC to enable it to sell the Vehicle does not end the plaintiff's right to redeem under the provisions of the Uniform Commercial Code, as enacted in Ohio. Ohio Revised Code § 1309.01 *et seq.* Rather, the plaintiff continues to have an equitable right to cure his default and redeem his property. The provisions of Chapter 13 structure the deceleration and cure, and so long as the plan proposed by the plaintiff adequately amortizes GMAC's claim, preconfirmation depreciation is not shown, and protection by insurance is provided, the Vehicle may be used during the reorganization process. *See Federal Land Bank v.*

*Glenn (In re Glenn),* 760 F.2d 1428 (6th Cir.1985), *cert. denied,* 474 U.S. 849, 106 S.Ct. 144, 88 L.Ed.2d 119 (1985).

Based upon the foregoing, the Court finds that the plaintiff continues to possess an interest in the Vehicle until it has been sold or contracted for sale. The Vehicle, therefore, is property of the plaintiff's bankruptcy estate which GMAC must turn over to the plaintiff upon satisfaction that appropriate insurance has been provided.

The Court further observes, however, that repetitive filings and dismissals will cause the Court, under other general equitable principles, to refuse to order turnover of collateral. This case has not yet reached that point and the turnover relief is therefore granted.

IT IS SO ORDERED.