In re George Willie LEVERETTE & Wendy Brown Leverette, Debtors.

George Willie LEVERETTE & Wendy Brown Leverette, Plaintiffs,

v.

NCNB SOUTH CAROLINA, Defendant.

Bankruptcy No. 89–01764.
Adv. No. 89–8091.

United States Bankruptcy Court,
D. South Carolina.

Jan. 17, 1990.

Lee Ringler, Augusta, Ga., for plaintiffs.

Donald E. Rothwell, Columbia, S.C., for defendant.

1. Further references to the Bankruptcy Code (11 U.S.C. §§ 101 *et seq.*) shall be by section number only.

2. Section 542(a) states in pertinent part:
   ... an entity ... in possession, custody, or control, during the case, of property that the

## ORDER

WILLIAM THURMOND BISHOP, Bankruptcy Judge.

Before the court is an adversary proceeding brought by George Willie Leverette and Wendy Brown Leverette ("the debtors") against NCNB South Carolina seeking the turnover of debtors' repossessed automobile from the defendant pursuant to 11 U.S.C. § 542(a) [1,2]. The debtors also seek a finding of contempt and an award of attorney fees.

NCNB South Carolina asserts that the automobile was not property of the estate on the date of filing pursuant to § 541 but if so, it nevertheless is not subject to a § 542 motion for turnover because the automobile is of inconsequential value or benefit to the estate.

## FINDINGS OF FACT

George Willie Leverette entered into an Installment Loan Agreement with NCNB South Carolina on July 22, 1988, in which the Defendant retained a security interest in a 1984 Buick Automobile. This debtor defaulted on the Installment Loan Agreement and NCNB South Carolina repossessed the automobile on April 28, 1989.

On May 3, 1989, NCNB South Carolina sent this debtor a Notification of Private Sale of Repossessed Collateral, which informed the debtor that he had ten days from the date of the letter to redeem the property by payment in full of the outstanding balance on the loan. The notice further stated that if payment in full was not received by May 13, 1989, the collateral would thereafter be sold by private sale with the proceeds from the sale distributed according to law, and the debtor liable for any deficiency thereon. This debtor did

trustee may use, sell, or lease under section 363 of this title, ... shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

not tender payment in full or state any intention to do so.

On May 15, 1989, the debtors filed a Chapter 13 petition for relief and the automatic stay of § 362 prevented any possible sale of the automobile.

The attorney for the debtors sent NCNB South Carolina a letter dated May 15, 1989, which informed the defendant of the filing of the petition for relief and requested that the automobile be returned to the chapter 13 trustee or to the debtors. The defendant retained possession of this repossessed automobile.

A hearing was held on October 17, 1989, to determine whether or not the automobile: (1) was of inconsequential value or benefit to the estate, (2) was property of the estate. The hearing was also to determine if a finding of contempt and an award of attorney fees were appropriate.

At the hearing, this court found that the property did not have consequential value but did have consequential benefit to the estate, and, therefore, should be returned to the debtors in accordance with § 542, if determined that the automobile falls within the meaning of "property of the estate" pursuant to § 541. This issue, along with the request for contempt and attorney fees, are the only issues now to be determined.

## CONCLUSIONS OF LAW

Section 541 states that property of the estate "(a) ... is comprised of all the following property, wherever located and by whomever held: (1) ... all legal or equitable interests of the debtor in property as of the commencement of the case."

■ "Property of the estate" encompasses more than just property in the debtor's possession at the time of filing the debtor's bankruptcy petition. *United States v. Whiting Pools*, 462 U.S. 198, 103 S:Ct. 2309, 76 L.Ed.2d 515 (1983); *In re DeWeese*, 47 B.R. 251 (Bankr.D.N.C.1985).

Section 541 brings into the estate all legal or equitable interests of the debtor in property except as defined in § 541(b) and § 541(c)(2), which sections are inapplicable to the instant case. *See, McLean v. Cen-* *tral States, Southeast and Southwest Areas Pension Fund (In re McLean)*, 762 F.2d 1204 (4th Cir.1985).

■ South Carolina Code Ann. § 36–9–506 provides that:

[a]t any time before the secured party has disposed of collateral or entered into a contract for its disposition under Section 36–9–504 or before the obligation has been discharged under Section 36–9–505(2) the debtor or any other secured party may unless otherwise agreed in writing after default redeem the collateral by tendering fulfillment of all obligations secured by the collateral as well as the expenses reasonably incurred by the secured party in retaking, holding, and preparing the collateral for disposition, in arranging for the sale, and to the extent provided in the agreement and not prohibited by law, his reasonable attorney's fees and legal expenses.

■ The debtor has the right of redemption if the automobile has not been sold by the creditor at the time of the filing of the petition for relief. Such an interest in property is sufficient to bring the property within the meaning of "property of the estate". *In re Wallace*, 102 B.R. 114 (Bankr.S.D. Ohio 1989).

■ The automobile was repossessed on April 28, 1989, and the debtors filed their petition for relief on May 15, 1989, prior to the sale or contract for sale of the debtors' automobile. This court finds the automobile to be property of the estate.

■ There has been no showing of malice or bad faith on the part of the defendant, nor has the defendant acted wilfully in refusing to return the automobile, and contempt is not warranted.

This court has previously held in *In re Smith*, Case No. 87–02792, C–88–0015 (Bankr.D.S.C. 8–5–88) that:

"As a general policy, federal courts follow the 'American Rule' which does not allow the award of attorney fees or costs to successful litigants absent a statutory basis for such an award or unless by

specifically recognized exceptions such as bad faith litigation.

See, *Mailers Unlimited, Inc. v. World Wide Direct Marketing,* 6 B.R. 238 (Bankr.E.D.Pa.1980), citing *Alyeska Pipeline Co. v. Wilderness Society,* 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975), *Daly v. Hill,* 790 F.2d 1071 (4th Cir.1986), *In re Jessee* 77 B.R. 59 (Bankr. W.D.Va.1987), *In re Ratmansky,* 2 B.R. 527 (Bankr.E.D.Pa.1980); 9 *Collier on Bankruptcy* ¶ 7054.07 (15th ed.).

Congress has not

... extended any roving authority to the Judiciary to allow counsel fees as costs or otherwise whenever the courts might deem them warranted. What Congress has done, however, while fully recognizing and accepting the general rule, is to make specific and explicit provisions for the allowance of attorney fees under selected statutes granting or protecting various federal rights.

*Alyeska Pipeline Co.,* 421 U.S. at 260 [95 S.Ct. at 1623]."

Since there is no statutory basis for an award of attorney fees and costs in bringing an adversary proceeding for turnover, the general "American Rule" against awarding attorney fees and costs to the successful litigants would appear to prevail. This court indicated that it would address at a subsequent hearing the allowance of attorney fees and the amount, if awarded. Notwithstanding the above, if plaintiffs' attorney still contends he is entitled to fees, he shall have the right to request a hearing on this issue within 10 days from receipt of this order. If no such hearing is requested, attorney fees will be denied.

Therefore, it is ORDERED, ADJUDGED, AND DECREED,

*FIRST:* the automobile is deemed and determined to be property of the estate and should be returned immediately to the debtors in accordance with § 542 as it has consequential benefit to the estate.

*SECOND:* the request for contempt is denied.

*THIRD:* attorney fees are denied unless within 10 days from the date of this order, plaintiffs' attorney requests a hearing on this issue.