**In re Donald and Hazel
ELLIOTT, Debtors.**

**NATIONAL CITY BANK,
Plaintiff–Appellant,**

v.

**Donald and Hazel ELLIOTT,
Defendants–Appellees.**

**BAP No. 97–8050.**

United States Bankruptcy Appellate Panel
of the Sixth Circuit.

Argued Sept. 3, 1997.

Decided Nov. 12, 1997.

James E. Nobile, Weltman, Weinberg & Reis Co., L.P.A., Columbus, OH, argued on brief for Appellant.

Scott A. Mittman, Lee C. Mittman & Associates, Columbus, OH, argued on brief for Appellees.

Before: BAXTER, LUNDIN, and RHODES, Bankruptcy Appellate Panel Judges.

## OPINION

National City Bank appeals an order of the bankruptcy court denying its motion for relief from the automatic stay with respect to a 1989 Chevrolet Blazer. The bankruptcy court determined that the Elliotts retained the right to redeem the Blazer after it had been repossessed. A Chapter 13 debtor's right to redeem a vehicle under section 1309.49 of the Ohio Revised Code constitutes a sufficient equitable interest to cause the vehicle to be property of the bankruptcy estate. The bankruptcy court's holding is supported by applicable law and is hereby affirmed.

## I. ISSUE ON APPEAL

Is a vehicle that has been retitled to a secured creditor following repossession, but that is still subject to the debtors' right of redemption, property of the bankruptcy estate?

## II. JURISDICTION AND STANDARD OF REVIEW

The United States District Court for the Southern District of Ohio authorized appeals to the Bankruptcy Appellate Panel of the Sixth Circuit. Neither party has elected to have this appeal heard by the district court. The BAP has jurisdiction to hear the appeal of a final order of the bankruptcy court. 28 U.S.C. § 158(a).

A final order "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S.Ct. 1494, 1497, 103 L.Ed.2d 879 (1989) (citations and internal quotations omitted). Denial of a motion for relief from the automatic stay is a final, appealable order. *See FDIC v. Niagara Mohawk Power Corp. (In re Megan–Racine Assocs., Inc.)*, 102 F.3d 671, 675 (2d Cir.1996); *Franklin Savs. Ass'n v. Office of Thrift Supervision*, 31 F.3d 1020, 1022 n. 3 (10th Cir.1994); *In re West Electronics Inc.*, 852 F.2d 79, 82 (3d Cir.1988); *Cimarron Investors v. Wyid Properties (In re Cimarron Investors)*, 848 F.2d 974, 975 (9th Cir.1988).

The bankruptcy court's conclusions of law are reviewed de novo. *Mapother & Mapother, P.S.C. v. Cooper (In re Downs)*, 103 F.3d 472 (6th Cir.1996). A de novo review allows the reviewing panel to look at the interpretation and application of relevant statutes independent of the determination of the bankruptcy court. In this matter, there is no factual dispute. Rather, the issue addresses a purely legal question. Accordingly, de novo is the appropriate standard of review.

## III.  FACTS

Prior to the filing of their Chapter 13 bankruptcy petition, Appellees Donald and Hazel Elliott (the Elliotts) surrendered possession of their 1989 Chevrolet Blazer to Appellant National City Bank (National City), which held a security interest in the vehicle.  National City obtained a repossession title pursuant to section 4505.10(A) of the Ohio Revised Code in order to sell the vehicle at an auction.  A public sale of the vehicle was scheduled for August 21, 1996.  Before the sale date, however, the Elliotts filed a petition for relief under Chapter 13 of the Bankruptcy Code. 11 U.S.C. §§ 1301–1330.  National City subsequently canceled the public sale.

National City filed a motion for relief from stay contending that the vehicle was not property of the estate.  On September 6, 1996, the bankruptcy court continued the stay in effect until the final hearing, scheduled for October 8, 1996.  At the scheduled hearing, the bankruptcy court ordered the parties to brief the issue of whether the vehicle was property of the Elliotts' estate and further ordered that the vehicle not be sold pending the court's decision.

The Elliotts' Chapter 13 plan was confirmed on January 9, 1997.  National City did not appeal the confirmation order.  Subsequently, on March 27, 1997, the bankruptcy court determined the vehicle to be property of the Elliotts' Chapter 13 estate, that National City was adequately protected, and that the vehicle was necessary to the Elliotts' reorganization.  Accordingly, relief from stay was denied.  The court did not order turnover of the vehicle until it was established that National City's claim would be treated properly under the Elliotts' plan.  This appeal ensued.

## IV.  DISCUSSION

■ At the filing of the bankruptcy petition, the Elliotts did not have title to or possession of the Chevrolet Blazer.  National City concedes, however, that since the automobile had not been sold, the Elliotts had statutory redemption rights under section 1309.49 of the Ohio Revised Code on the date of the petition.  This section of the Ohio Revised Code provides:

> At any time before the secured party has disposed of collateral or entered into a contract for its disposition ... the debtor or any other secured party may, unless otherwise agreed in writing after default redeem the collateral by tendering fulfillment of all obligations secured by the collateral as well as the expenses reasonably incurred by the secured party in retaking, holding, and preparing the collateral for disposition, in arranging for the sale.

OHIO REV. CODE ANN. § 1309.49 (Banks–Baldwin 1996).  National City argues that the right of redemption granted by this section is a "statutory privilege."  As such, the right of redemption did not confer upon the Elliotts any interest in the vehicle.  Therefore, National City's prepetition repossession entitled it to a transfer of ownership pursuant to section 4505.10(A) of the Ohio Revised Code, prohibiting the vehicle from becoming property of the estate.  (Appellant's Br. at 14–15) (citing *In re Smith*, 85 F.3d 1555 (11th Cir. 1996)).

■ Under Ohio law, a change of vehicle ownership is not consummated until the certificate of title is issued in the name of the purchaser.  *Rockwell v. Thomas*, 116 Ohio App. 544, 189 N.E.2d 168 (1962).  Section 4505.10(A) of the Ohio Revised Code provides:

> In the event of the transfer of ownership of a motor vehicle by operation of law, as upon ... order in bankruptcy, insolvency, replevin, ... or repossession is had upon default of performance of the terms of a security agreement ..., the clerk of the court of common pleas of the county in which the last certificate of title to the motor vehicle was issued, upon the surrender of the prior certificate of title or the manufacturer's or importer's certificate, or, when that is not possible, upon presentation of satisfactory proof to the clerk of ownership and rights of possession to the motor vehicle, and upon payment of the fee prescribed ... and presentation of an application for certificate of title, may issue to the applicant a certificate of title to the motor vehicle. . . .

OHIO REV. CODE ANN. § 4505.10(A). This provision allows a secured creditor to obtain a repossession title to facilitate the process of transferring ownership to the successful bidder at the subsequent auction sale. The Elliotts argue correctly that the secured party holding repossession title is not the unrestricted "owner" as contemplated under the provisions of section 4505.10(A).

■ It is within the authority of the bankruptcy court to determine, "by reference to the provisions of the bankruptcy statute, what rights created by state law—regardless of the characterization which may be applied to them by state statutes and decisions—are within the jurisdiction of the bankruptcy court." *Wragg v. Federal Land Bank of New Orleans*, 317 U.S. 325, 328, 63 S.Ct. 273, 275, 87 L.Ed. 300 (1943) (citing *United States v. Pelzer*, 312 U.S. 399, 402, 61 S.Ct. 659, 660, 85 L.Ed. 913 (1941)); *XL/Datacomp, Inc. v. Wilson (In re Omegas Group, Inc.)*, 16 F.3d 1443 (6th Cir.1994); *N.S. Garrott & Sons v. Union Planters Nat'l Bank of Memphis*, 772 F.2d 462 (8th Cir.1985). *See also Turner v. DeKalb Bank (In re Turner)*, 209 B.R. 558, 561 (Bankr.N.D.Ala.1997) (citing *Southtrust Bank v. Thomas (In re Thomas)*, 883 F.2d 991, 995 (11th Cir.1989)). Accordingly, in *Wragg* the Supreme Court rejected the petitioner's argument that a right of redemption under Alabama law, characterized in Alabama as a mere privilege of redemption, was not within the bankruptcy court's jurisdiction and capable of administration in the bankruptcy proceeding. Similarly, we recognize the bankruptcy court's ability to determine the classification of the right of redemption as an equitable interest bringing property into the estate pursuant to § 541.

■ National City obtained repossession title and was in possession of the vehicle. Neither possession nor title are alone determinative of whether an interest constitutes property of the estate under § 541, however. *In re Gunder*, 8 B.R. 390, 392–3 (Bankr. S.D.Ohio 1980). Ohio bankruptcy courts have consistently adopted this position. *See Jackson v. GMAC (In re Jackson)*, 142 B.R. 172 (Bankr.N.D.Ohio 1992); *Karr v. GMAC (In re Karr)*, 129 B.R. 498 (Bankr.S.D.Ohio 1991); *In re Bingham*, 116 B.R. 541 (Bankr.

N.D.Ohio 1990); *Wallace v. GMAC (In re Wallace)*, 102 B.R. 114 (Bankr.S.D.Ohio 1989). The line of cases on this issue, as well as interpretation of the relevant statutes, makes it clear that the crucial point in time is when the Elliotts lose the right to redeem collateral. National City had not ended the right of redemption by conducting a sale of the vehicle. The statutory right of redemption created an equitable interest reposed in the Elliotts. *See In re Sutton*, 87 B.R. 46, 48 (Bankr.S.D.Ohio 1988) (a secured party claiming rights in a repossessed item does not gain full control over the item when the right to redeem exists) (citing *Smith v. Acceleration Life Ins. Co.*, 4 Ohio App.3d 105, 446 N.E.2d 855, 859 (1982)).

■ Section 541(a)(1) includes in the bankruptcy estate any property made available to the estate by other provisions of the bankruptcy code. *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 205, 103 S.Ct. 2309, 2313, 76 L.Ed.2d 515 (1983). Such provisions include § 542. Under § 542(a) a trustee is allowed to gain possession of property of the debtor from a third party that the trustee may use, sell or lease. It is only if the property is of inconsequential value or benefit to the estate that it need not be turned over.

In *Whiting Pools*, the Supreme Court held that § 541(a)(1) includes any property that may be made available to the estate by other provisions of the bankruptcy code. *Whiting Pools*, 462 U.S. at 205, 103 S.Ct. at 2313–14. This can include "[p]roperty of the debtor repossessed by a secured creditor ... and [the property] therefore may be drawn into the estate." *Id.* National City argues that the holding of *Whiting Pools* allows for treatment as property of the estate only when there has been no transfer of ownership. This distinction is relied upon to justify exclusion of the vehicle as property of the estate because "ownership" has been transferred pursuant to section 4505.10(A) of the Ohio Revised Code. It ignores, however, the context of the Court's holding in *Whiting Pools*, and the interest that National City acknowledges that the Elliotts retain in the automobile pursuant to section 1309.49 of the Ohio Revised Code.

In *Whiting Pools,* the Court stated that ownership of property, in the context of seizure by the IRS, is transferred only when the property is sold to a bona fide purchaser at a tax sale. *Whiting Pools,* 462 U.S. at 211, 103 S.Ct. at 2316–17(citing *Bennett v. Hunter,* 9 Wall. 326, 76 U.S. 326, 19 L.Ed. 672 (1869); 26 U.S.C. § 6339(a)(2)). In essence, a complete transfer of ownership occurs only after a sale which extinguishes any interest in the property that the debtor may have held.

Herein, there is a transfer of title by operation of law under section 4505.10(A) of the Ohio Revised Code before disposition of the vehicle by the secured party. After receipt of a repossession title, but before sale of the collateral, a secured party cannot exercise unrestricted control over the repossessed vehicle, due to the right of redemption, and accordingly does not have true "ownership" rights, despite holding a repossession title. Under section 1309.49 of the Ohio Revised Code, a debtor has the right to redeem the vehicle before disposition by the secured party. It is only after the disposition that the debtor loses all interest in the property and full ownership vests in a third party. Validating this point is the necessity for the lender to bid successfully at the sale. Clearly, this factor evinces that the lender lacks full ownership of a vehicle in instances where it only holds a repossession title. In other words, under Ohio law, the repossessing lender that desires to become a purchaser cloaked with the full bundle of ownership rights has to bid at a sale just like any other person. See OHIO REV. CODE ANN. § 1309.47. Thusly, the conduct of National City is not the behavior required of someone who is already the full owner of a vehicle. At the time of sale, but not before, *Whiting Pools* would preclude the property from consideration as estate property. Prior to such disposition, however, the property is still capable of being recovered by the bankruptcy estate.

National City acknowledges but misconstrues the Sixth Circuit's decision in *Federal Land Bank of Louisville v. Glenn (In re Glenn),* 760 F.2d 1428 (6th Cir.), *cert. denied,* 474 U.S. 849, 106 S.Ct. 144, 88 L.Ed.2d 119 (1985). *Glenn* addressed the question of what point is too late for a debtor to take advantage of 11 U.S.C. § 1322(b)(2), (3) and (5) to cure a defaulted mortgage. *Glenn* noted that "the statute itself provides no clear cut-off point except that which the courts may see fit to create." *Id.* at 1435. As the Sixth Circuit noted in *Glenn,* Congress intentionally allowed modification of contract rights of a secured creditor under a Chapter 13 plan. *Id.* at 1433 (citing H.R.Rep. No. 595, 95th Cong., 1st Sess. 124 (1977)). It further explained:

(b) The sale of the ... property is an event that all forms of foreclosure, however denominated, seem to have in common. Whether foreclosure is by judicial proceeding or by advertisement, and regardless of when original acceleration is deemed to have occurred, the date of sale is a measurable, identifiable event of importance in the relationship of the parties. It is at the heart of realization of the security.

(c) Although the purchaser at the sale is frequently the security holder itself, the sale introduces a new element—the change of ownership and, hence, the change of expectations—into the relationship which previously existed.

*Id.* at 1435.

Consistent with *Glenn,* we hold that the sale or other disposition under section 1309.47 of the Ohio Revised Code is the cut off point of a Chapter 13 debtor's power to modify a secured creditor's claim under § 1322(b)(2) of the Bankruptcy Code.

■ Next, the Panel rejects National City's argument that pursuant to 11 U.S.C. § 722, and *GMAC v. Bell (In re Bell),* 700 F.2d 1053 (6th Cir.1983), its debt must be repaid with a lump sum payment. *Bell* stated that "a bankruptcy court's imposition of installment redemption clearly contravenes the overall statutory scheme...." *In re Bell,* 700 F.2d at 1057. By allowing for payments over the life of the plan, National City argues that the bankruptcy court's confirmation of the plan contravenes *Bell.* That contention is not well founded as it ignores the import and language of § 1322. *Bell* was a Chapter 7 case; the Sixth Circuit had no reason in *Bell* to consider the effect of

§ 1322(b)(2), which is only applicable in Chapter 13 cases.

Section 1322(b)(2) allows the modification of rights of holders of secured claims. Section 1322(b)(3) provides, that "[s]ubject to subsections (a) and (c) of this section, the plan may [ ] provide for the curing or waiving on any default." 11 U.S.C. § 1322(b)(3). In addition, § 1322(b)(5) allows the curing of any default within a reasonable time on any secured or unsecured claim, on which the last payment is due after the date on which the final payment is due under the plan. The only limitation under § 1322(b)(5) is the time limit set forth under § 1322(d). The right of redemption available to the debtor under the Ohio Revised Code is consistent with the exercise of this provision regardless of the acquisition of repossession title prior to a disposition of the property by the secured party. Further, National City's reliance on § 722 is misplaced, as this is a Chapter 13 case. See 11 U.S.C. § 103(b)(Subchapters I and II of Chapter 7 apply only in cases under Chapter 7). Accordingly, § 722 is not applicable herein, and National City's argument that the plan's treatment of its debt is an enlargement or modification of rights not supported by law is without merit.

Finally, National City's reliance upon *Charles R. Hall Motors, Inc. v. Lewis (In Re Lewis)*, 211 B.R. 970 (N.D.Ala.1997), is misplaced and is not followed herein. Construing Alabama law, the *Lewis* court held that both legal title and a right of repossession inures to the benefit of a repossessing secured creditor once a debtor defaults on installment payments. As we have determined in this appeal under Ohio law, absolute title ownership changes only after the property possessed by the secured creditor is disposed of pursuant to applicable state law. Furthermore, the holding in *Lewis* does not comport with the requirements or rationale under the *Glenn* decision.

### V. CONCLUSION

Accordingly, the decision of the bankruptcy court is AFFIRMED.