**In re Zaneta J. SANDERS, Debtor.**

**In re Gordon C. Vaughn, Debtor.**

**Nos. 02–66843–R, 02–65220–R.**

United States Bankruptcy Court,
E.D. Michigan,
Southern Division.

March 18, 2003.

John A. Steinberger, Law Offices of Steinberger & Kline, Southfield, MI, for Zaneta J. Sanders.

Walter A. Metzen, Detroit, MI, for Gordon Cornell Vaughn.

David Ruskin, Southfield, MI, trustee.

*Opinion*

STEVEN W. RHODES, Chief Bankruptcy Judge.

In each of these cases, a creditor filed a motion for relief from the automatic stay to sell a vehicle that it had repossessed before the debtor filed a chapter 13 bankruptcy petition. In the first case, Zaneta Sanders, the debtor, filed a motion for return of the vehicle and a motion for contempt, sanctions and attorneys fees. The Court conducted a hearing on December 12, 2002. At the hearing, the Court took the matter under advisement, but ordered DaimlerChrysler to return the vehicle to Sanders pending resolution of the matter. In the second case, Gordon Vaughn, the debtor, filed an answer to the motion for relief from the stay, asserting that his ownership interest in the vehicle was not terminated by the repossession, but did not file a motion for sanctions.

The Court concludes that despite a creditor's repossession of a vehicle, a debtor maintains an ownership interest in the vehicle. Accordingly, the vehicles are

property of their respective bankruptcy estates.

## I.

In the first case, DaimlerChrysler repossessed Sanders' 1997 Chrysler Cirrus on November 8, 2002. On November 12, 2002, Sanders filed a chapter 13 bankruptcy petition. On that day, Sanders notified DaimlerChrysler of the petition and demanded return of the vehicle. Daimler-Chrysler refused and instead, on December 2, 2002, filed a motion for relief from the automatic stay in order to sell the vehicle.

In the second case, Tidewater Finance Company repossessed the vehicle, a 1998 Chrysler Concorde on October 23, 2002. On October 25, 2002, Vaughn filed a chapter 13 bankruptcy petition. Tidewater asserts that since the date of filing, it has maintained the status quo as to the vehicle.

## II.

DaimlerChrysler and Tidewater argue that pursuant to Michigan law, a secured creditor becomes the owner of a vehicle when it repossesses the vehicle, and that accordingly, the vehicle is not property of the estate when the debtor files bankruptcy. The creditors cite *Bell–Tel Fed. Credit Union v. Kalter (In re Kalter)*, 292 F.3d 1350 (11th Cir.2002), for the proposition that a chapter 13 debtor's statutory right to redeem a motor vehicle that a secured creditor repossessed prepetition is not a sufficient basis to make the vehicle itself "property of the estate." *Id.* at 1355. The creditors argue that Michigan law mirrors Florida law and that a debtor's right to redeem is likewise not sufficient to create a property interest in the vehicle.

■ On the other hand, the debtors cite *TranSouth Fin. Corp. v. Sharon (In re Sharon)*, 234 B.R. 676 (6th Cir. BAP 1999) and *National City Bank v. Elliott (In re Elliott)*, 214 B.R. 148 (6th Cir. BAP 1997), for the proposition that a debtor's equitable right of redemption is a sufficient ownership interest to make a vehicle property of the bankruptcy estate. The debtors argue that Michigan's right of redemption mirrors that of Ohio, which was addressed in *Sharon* and *Elliott.* Accordingly, the debtors urge the Court to follow *Sharon* and *Elliott* and hold that the vehicles are property of the bankruptcy estates.

## III.

■ The filing of a bankruptcy petition creates an estate that includes "all legal and equitable interests of the debtor in property as of the commencement of the case wherever located and by whomever held." 11 U.S.C. § 541(a)(1). "Whether a debtor's interest constitutes 'property of the estate' is a federal question. Nonetheless, 'the nature and existence of the [debtor's] right to property is determined by looking at state law.'" *Kalter*, 292 F.3d at 1353 (citing *Charles R. Hall Motors, Inc. v. Lewis (In re Lewis)*, 137 F.3d 1280, 1283 (11th Cir.1998)). *See also Corzin v. Fordu (In re Fordu)*, 201 F.3d 693, 700 (6th Cir.1999); *In re Terwilliger's Catering Plus, Inc.*, 911 F.2d 1168, 1172 (6th Cir.1990) ("While the nature and extent of the debtor's interest are determined by state law 'once that determination is made, federal bankruptcy law dictates to what extent that interest is property of the estate.'") (citations omitted). "Property interests are created and defined by state law. Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding." *Butner v. United States*, 440 U.S. 48, 55, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979).

Accordingly, the Court must first look to Michigan law to determine whether a debt-

or maintains any interest in a vehicle after repossession. The creditors argue that pursuant to M.C.L.A. § 257.236(a)(1) a debtor's ownership interest in a vehicle is terminated upon repossession. M.C.L.A. § 257.236(a)(1) provides:

(1) If the interest of the owner in a vehicle is terminated by the enforcement of a security agreement, the transferee of the owner's interest shall promptly mail or deliver to the secretary of state the last certificate of title if the transferee has possession of the certificate; the application for a new certificate in the form prescribed by the secretary of state; and a certification made by or on behalf of the holder of the security interest so enforced that the vehicle was repossessed, that the interest of the owner was lawfully terminated by enforcement of the security agreement, and whether the owner has delivered the last certificate of title to the transferee of the owner's interest, naming the transferee, or if not, the reason for not naming the transferee, and the location of the certificate of title as known to the owner. If the holder of the security interest succeeds to the interest of the owner and holds the vehicle for resale, the holder need not secure a new certificate of title but, upon transfer to another person, shall promptly mail or deliver to the transferee or to the secretary of state the certificate, if in the holder's possession, a certification, and other documents required to be sent to the secretary of state by the transferee.

M.C.L.A. § 257.236a(1).

M.C.L.A. § 257.236a(1) provides a mechanism for a creditor who has lawfully repossessed a vehicle to become the owner of the vehicle. However, the statute does not state that the repossession alone divests a debtor of all ownership interests. This statute simply does not support the credi-

tors' position that they became the owners of the vehicles upon repossession. The creditors concede that the debtors maintain an equitable right of redemption. They also concede that they had not yet utilized M.C.L.A. § 257.236a(1) to obtain title to the vehicles, and had not yet disposed of the vehicles. Accordingly, the Court holds that nothing in this statute provides that a creditor obtains an ownership interest in a repossessed vehicle.

Indeed, a debtor's continuing ownership interest in a repossessed vehicle is evidenced in several other provisions of Michigan law:

M.C.L.A. § 440.9623 provides a debtor with a right of redemption "any time before a secured party has ... disposed of collateral[.]" If the creditor owned the repossessed vehicle, it would be unnecessary and inappropriate to give the debtor the right of redemption.

M.C.L.A. §§ 440.9611(2) and 440.9614 obligates a creditor to give the debtor notice of any proposed disposition of repossessed collateral. Similarly, if the creditor owned the repossessed vehicle, it would be unnecessary and inappropriate to give the debtor the right of notice.

M.C.L.A. § 440.9610(1) provides that "the secured party may sell, lease, license, or otherwise dispose of any or all of the collateral." If the creditor were the owner, the law would simply permit the creditor to retain the collateral.

M.C.L.A. § 440.9615(4)(a) provides that the creditor must pay any surplus to the debtor. If the creditor owned the repossessed vehicle, it would be unnecessary and inappropriate to give the debtor the right to receive any surplus.

M.C.L.A. § 440.9610(3) provides that the creditor may, in certain circumstances "purchase the collateral." If the creditor were already the owner, this provision would be unnecessary.

M.C.L.A. § 440.9617 states that the secured creditor's disposition of the collateral "[t]ransfers to a transferee for value all of the *debtor's* rights in the collateral." (Emphasis added.) This again suggests that until the disposition, the debtor, not the creditor, is the owner of the property.

M.C.L.A. §§ 440.9620(1) provides that "a secured party may accept collateral in full or partial satisfaction of the obligation it secures," but only if several requirements are met, including consent by the debtor. *See also* M.C.L.A. §§ 440.9621 and 440.9622. Again, if the creditor were the owner upon repossession, it would be inappropriate and unnecessary to condition that ownership upon the consent of the debtor.

M.C.L.A. § 440.9202 states, "[T]he provisions of this article with regard to rights and obligations apply whether title to collateral is in the secured party or the debtor." This suggests that even if the vehicle were initially titled in the creditor's name, the debtor would still have rights in the collateral upon repossession

M.C.L.A. § 440.9625 provides that if the creditor does not proceed "in accordance with [Article 9]," the creditor is liable to the debtor for damages. The right of action is afforded to enforce the debtor's rights, and would be inappropriate if the creditor owned the collateral upon repossession.

■■■ All of this suggests that the repossession is merely a device to collect on the creditor's claim, and that therefore repossession does not transfer ownership to the creditor. *See In re Robinson,* 285 B.R. 732, 737 (Bankr.W.D.Okla.2002); *Turner v. DeKalb Bank (In re Turner),* 209 B.R. 558, 566 (Bankr.N.D.Ala.1997). Until the creditor disposes of the property, the debtor remains the legal and equitable owner, subject only to the creditor's debt collection remedies, which are suspended by 11 U.S.C. § 362(a) when a bankruptcy petition is filed.

Finally, the effect of M.C.L.A. § 257.236a(1) and the impact of a repossession on the debtor's rights are addressed directly in the official comment to M.C.L.A. § 440.9619:

> Under subsection (c), a transfer of record or legal title (under subsection (b) *or under other law*) to a secured party prior to the exercise of those remedies merely puts the secured party in a position to pass legal or record title to a transferee at foreclosure. A secured party who has obtained record or legal title retains its duties with respect to enforcement of its security interest, and the debtor retains its rights as well.

Official comment (2) to M.C.L.A. § 440.9619 (emphasis added).

### IV.

Some courts have concluded that in these circumstances, the issue is whether a right of redemption in repossessed property is sufficient to bring that property into the bankruptcy estate. See *In re Kalter,* 292 F.3d 1350 (11th Cir.2002); *Charles R Hall Motors, Inc. v. Lewis (In re Lewis),* 137 F.3d 1280, 1283 (11th Cir.1998); *Warren v. SouthTrust Bank, N.A. (In re Warren),* 221 B.R. 843 (Bankr.N.D.Ala.1998). Having thus framed the issue, these courts then conclude that only the right of redemption, and not the vehicle itself, is property of the estate.

■■■ Other courts disagree and conclude that the right of redemption is sufficient to bring the repossessed property into the estate. For example, in *In re Elliott,* 214 B.R. 148 (6th Cir. BAP 1997), the creditor had not only repossessed the vehicle, but also obtained a "repossession

title" in its name. Nevertheless, the panel held that neither possession nor the repossession title were intended to give the creditor ownership of the vehicle, but only to facilitate its eventual sale to pay the debt. "Neither possession nor title are alone determinative of whether an interest constitutes property of the estate under § 541[.]" *Elliott*, 214 B.R. at 151. The panel relied on *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 205, 103 S.Ct. 2309, 2313–14, 76 L.Ed.2d 515 (1983), in which "the Supreme Court held that § 541(a)(1) includes any property that may be made available to the estate by other provisions of the bankruptcy code. This can include 'property of the debtor repossessed by a secured creditor ... and [the property] therefore may be drawn into the estate.'" *Id.* The panel finally concluded, "It is only after the disposition that the debtor loses all interest in the property and full ownership vests in a third party." *Id.* at 152. Accordingly, the panel held that the vehicle was property of the estate and subject to turn-over. In addition, the panel specifically rejected the argument, made by both creditors here, that the right of redemption was a mere "statutory privilege" not affecting the creditor's ownership interest. See also *In re Sharon*, 234 B.R. 676, 680 (6th Cir. BAP 1999) ("Possession of the Debtor's car was property of the Chapter 13 estate from the moment of the petition."); and *Tidewater Fin. Co. v. Moffett (In re Moffett)*, 288 B.R. 721 (Bankr. E.D.Va.2002). Indeed, "the vast majority of courts have concurred that where repossession of a vehicle has occurred prepetition, but the vehicle has not yet been sold, a Chapter 13 debtor retains a sufficient interest in the vehicle so that turnover may be appropriate." *Spears v. Ford Motor Credit Co. (In re Spears)*, 223 B.R. 159, 162 (Bankr.N.D.Ill.1998) (collecting cases).

The Court concludes that the results in *Elliott, Sharon* and *Moffett* are compelled

by the Supreme Court's decision in *Whiting Pool.* Accordingly, the Court will follow those decisions and conclude that the vehicles are property of their respective bankruptcy estates. The creditors' motions for relief from the stay are thus denied. Sanders' motions for return of the vehicle will be granted and her motion for contempt, sanctions and attorneys fees will be set for hearing.