### 50450. LEWIS et al. v. FIRST NATIONAL BANK OF MIAMI.

WEBB, Judge.

This case was submitted to the trial court for determination upon the following stipulation of the parties: "It is hereby stipulated by and between the above-entitled parties, through their attorneys of record, for the purpose of a hearing on a Motion and a Cross-Motion for Summary Judgment in the above referenced case that: 1. The sole issue before this Court is an issue of law and that issue is — Whether, in an action to recover a deficiency, where a motor vehicle is purchased in the State of Florida under a contract formed in the State of Florida and a security interest is created in that motor vehicle under Art. 9 of the Uniform Commercial Code and where subsequently the motor vehicle is removed by the debtor to the State of Georgia, where later the motor

vehicle is repossessed in the State of Georgia by an agent of the creditor who is a Georgia corporation from debtors who are citizens of Georgia, resold in the State of Georgia by an agent of the creditor who is a Georgia corporation and remains in the State of Georgia, are the rights of the Plaintiff-Creditor to a deficiency judgment to be determined by the law of the State of Florida or the law of the State of Georgia. 2. If this Court finds that the law of the State of Florida applies, then the motion of the plaintiff for summary judgment should be granted, but if this Court finds that the law of the State of Georgia applies, then the motion of the defendants for summary judgment should be granted."

The trial court granted the plaintiff creditor's motion for summary judgment, thus finding that Florida law applies. *Held:*

We reverse. Contrary to the assertion made here by the creditor, the parties to the contract did not agree to be bound by Florida law with respect to repossession and resale, the contract reciting only that "In the event of a default . . . seller shall have the right . . . to (c) exercise any or all of the rights on default of a secured party under the Uniform Commercial Code." Absent an agreement that the law of another state shall govern, as to which we express no opinion, we hold that Georgia law applies to the repossession, resale, and right to a deficiency judgment since the collateral was located in Georgia at the time of the repossession and resale. Ga. U.C.C. §§ 109A-1—105(1)(2), 9-102; U.C.C. § 9-102, comment 3, 1962 Official Text; Associates Discount Corp. v. Cary, 47 Misc.2d 369 (262 NYS2d 646), cited in *Moody v. Nides Finance Co.,* 115 Ga. App. 859 (156 SE2d 310); Fidelity Bank &c. Co. v. Production Metals Corp., 366 FSupp. 613, 617 (D.C. Pa.); First Nat. Bk. &c. Co. v. Atlas Credit Corp., 417 F2d 1081, 1082 (CA 10). See also Universal C.I.T. Corp. v. Hulett, 151 S2d 705 (La. Ct. App.).

*Judgment reversed. Bell, C. J., and Marshall, J., concur.*

ARGUED APRIL 7, 1975 — DECIDED APRIL 24, 1975 —
REHEARING DENIED MAY 13, 1975.

*M. David Harrison,* for appellants.
*Stanley M. Lefco,* for appellee.