In re Homer Lee LITTLETON III, SSN: 257–21–1961, Sandra Jean Littleton, SSN: 401–88–5907, Debtors.

AMERICAN HONDA FINANCE CORP., Movant,

v.

Homer Lee LITTLETON, III, Sandra Jean Littleton and Kristin Smith, as Trustee, Respondents.

Bankruptcy No. 98–40724–JTL.

United States Bankruptcy Court, M.D. Georgia, Columbus Division.

April 16, 1998.

Opinion Supplementing Decision, April 20, 1998.

Ronald A. Levine, Atlanta, GA, Richard E. Flower, Columbus, GA, for Movant.

Bruce W. Luquire, Columbus, GA, for Respondent.

### ORDER DENYING MOTION FOR RELIEF FROM THE STAY WITH CONDITIONS

JOHN T. LANEY, Bankruptcy Judge.

The above captioned motion came on for hearing before the court as scheduled on April 15, 1998. Since the motion to dismiss contained within this motion was not separately filed as required by the Local Bankruptcy Rules, the motion to dismiss is denied for that reason. After hearing evidence and argument of counsel, the court announced Findings of Fact and Conclusions of Law from the bench as authorized by Bankruptcy Rule 7052. The court reserves the right to supplement the same with a written opinion.

Based on those Findings and Conclusions, the court denies the motion for relief from the stay. If possession of the automobile is turned over to the Debtors, the court ORDERS the following adequate protection:

(1) The Debtors shall at all times provide proof of insurance on the collateral in accordance with the contractual agreement between the parties.

(2) The Debtors shall comply with the payments required to be made to the Trustee in their Chapter 13 plan as the same may be amended from time to time.

(3) Upon written notification to the Chapter 13 Trustee by the Creditor that the collateral has been turned over to the Debtors, the Trustee shall make monthly disbursements to the Creditor pre-confirmation in accordance with the Debtors' plan as the same may be amended from time to time.

In the event the collateral is turned over to the Debtors and the Creditor contends that there is a default of adequate protection required by this Order, Creditor may give 15 days written notice to Debtors, Debtors' counsel, and the Chapter 13 Trustee of the

default and of the opportunity to cure within the 15 day period. In the event the default is not cured within the 15 day period from posting of the letter of default and if no counter affidavit and request for hearing is filed and served within that 15 day period, the Creditor may submit to the court a proposed order granting relief from the stay as to the collateral, which the court may sign without further notice or hearing.

## MEMORANDUM OPINION

On April 15, 1998, the court held a hearing on the motion of American Honda Finance Corporation ("Honda") for relief from the automatic stay. At the conclusion of the hearing, the court announced Findings of Fact and Conclusions of Law from the bench as authorized by Federal Rule of Bankruptcy Procedure 7052 ("FRBP"). On April 16, 1998, the court entered an order conditionally denying Honda's motion. The court now issues this Memorandum Opinion to memorialize and supplement its Findings of Facts and Conclusions of Law.

### Facts

Debtors, Homer Lee and Sandra Jean Littleton, filed for relief under Chapter 13 of the Bankruptcy Code ("Code") on April 3, 1998. On April 2, 1998, one day prepetition, Honda repossessed the Debtors' 1997 Honda Civic automobile. Debtors had moved from Alabama to Georgia in January, 1998, which is where Honda repossessed the vehicle. Debtors' attorney demanded turnover of the automobile on the day the Debtors filed their petition. Honda refused and subsequently filed this motion for relief from stay on April 10, 1998.

Debtor Sandra Jean Littleton purchased the automobile in question on February 28, 1997 in the state of Alabama. Additionally, the car is titled in Alabama.[1] Moreover, the retail installment contract, which was subsequently assigned to Honda, contains a provision that provides that Alabama law would apply to questions with respect to the contract.[2] Specifically, the contract provides: "Questions about this Contract will be settled by Alabama law except as modified by Federal law and regulations." Furthermore, the contract provides: "If Seller repossesses the Vehicle, Seller can sell it and apply the money received to what Buyer owes. The Sale will be governed by the Uniform Commercial Code and other applicable laws."

Debtors have provided in schedule D that the value of the automobile is $13,610.39. No evidence was presented at the hearing of any different value. Additionally, Debtors have proposed in their plan to pay Honda's claim at 8.95%, the contract rate of interest.[3] It is undisputed that Debtors have no equity in the vehicle.

In addition to the automobile in question, Debtors also have one other vehicle. Mrs. Littleton testified at the hearing that she and her husband need both vehicles. Mr. Littleton is presently employed in Michigan, where he is temporarily borrowing a car from his father. While Mrs. Littleton is not currently employed, she is actively seeking employment.[4] Mrs. Littleton testified that both debtors will each need a vehicle to maintain their employment. Accordingly, the court finds that the automobile in question is necessary for a successful reorganization.

### Discussion

Honda argues that the outcome of this case is controlled by the recent Eleventh Circuit Court of Appeals ("Eleventh Circuit") decision in *Hall v. Lewis (In re Lewis)*, 137 F.3d 1280 (11th Cir.1998). In *Lewis*, the creditor repossessed the debtors' car two days prior to the filing of the bankruptcy petition under Chapter 13 of the Code. The

---

1. The car is titled in the name of Sandra Williams, Mrs. Littleton's prior name. A copy of the title is attached to Honda's motion as exhibit B.

2. A copy of the contract is attached to Honda's motion as exhibit A.

3. Debtors' plan as originally filed proposes to pay Honda $13,100 plus 8.95%. However, Debtors offered at the hearing to pay Honda the full value of their collateral with the same interest rate; that is, $13,610 plus 8.95%.

4. In fact, Mrs. Littleton had to reschedule an interview because the hearing lasted longer than anticipated.

car was purchased by the husband debtor in Alabama, where the debtors lived at the time of the repossession. In their Chapter 13 plan, the debtors proposed to pay the creditor sixty-two cents on the dollar for the outstanding secured balance. *Id.* at 1281–82.

The creditor refused to return the automobile and the debtors filed an adversary proceeding against the creditor for turnover of the vehicle pursuant to § 542(a) of the Code.[5] The bankruptcy court concluded that under Alabama law the debtors had both title and a right of redemption in the repossessed vehicle. As a result, the bankruptcy court concluded that the vehicle was property of the estate and ordered the creditor to return it to the debtors. *Id.* at 1281–82.

The district court reversed. The district court found that under Alabama law the debtors only had a right of redemption in the repossessed vehicle. The district court concluded that the vehicle was not property of the estate subject to turnover.

The Eleventh Circuit affirmed. The Eleventh Circuit first addressed whether the repossessed vehicle was property of the estate pursuant to § 541 of the Code. The court pointed out that whether a debtor's interest in property is property of the estate is a federal question. However, the court also noted that " 'the nature and existence of the debtor's right to property is determined by looking at state law.' " 137 F.3d at 1283 (quoting *Southtrust Bank of Alabama v. Thomas (In re Thomas)* 883 F.2d 991, 995 (11th Cir.1989)). Accordingly, the court looked to Alabama law to determine the debtors' interest in the repossessed vehicle.

The court found that under Alabama law, once a car is repossessed the debtor loses both title and right to possession of the vehicle. As a result, the court concluded that the debtors lacked title and the right to possess the vehicle in question. *Id.* at 1283–84. Ac-

cordingly, the court concluded the vehicle was not property of the estate pursuant to § 541 of the Code. However, the court did find that the debtors retained a right of redemption pursuant to Alabama's version of the Uniform Commercial Code ("UCC"). *See* Ala.Code § 7–9–506.[6] Moreover, the court concluded that while this right of redemption is property of the estate, it was not enough to render the vehicle itself property of the estate.

The court found that the debtors' "Chapter 13 estate, through the trustee, could exercise or 'use' this right just as [the debtor] could have." *Lewis,* at 1284 (citations omitted). The court stated that in order for the estate to redeem the vehicle in accordance with Alabama law, certain steps had to be taken. Specifically, the court found the trustee would have to " 'tender fulfillment of all secured obligations' plus expenses to exercise the estate's right of redemption." *Id.* at 1284 (citations omitted). The court concluded that proposing to pay sixty-two cents on the dollar over time was not a proper redemption. Additionally, the court concluded that the debtors had not convinced the court that such a proposal adequately protected the creditor's ownership and possessory interests. *Id.*

■ In the case before this court, the court must first decide whether Alabama law controls and whether *In re Lewis* is controlling. Honda argues the choice of law provision in the contract establishes that Alabama law applies and *Lewis* therefore applies. Debtors, however, disagree. Debtors argue that Alabama law only relates to questions concerning the contract. Debtors assert that the matter before the court does not concern the contract, but concerns a car repossessed in Georgia and what rights Debtors have in the vehicle after the repossession. The court

---

5. Section 542(a) provides:

    Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for such property or the value of such

property, unless such property is of inconsequential value or benefit to the estate.

11 U.S.C. 542(a).

6. It is important to note that the right of redemption discussed here is the right to redeem property pursuant state law. The Bankruptcy Code's right of redemption, § 722, applies only in Chapter 7 cases. 11 U.S.C. § 103(b).

will now address whether Georgia or Alabama law applies.

In *Lewis v. First National Bank of Miami*, 134 Ga.App. 798, 216 S.E.2d 347 (1975) the Georgia Court of Appeals addressed a similar issue. In *Bank of Miami* a vehicle was purchased and a security interest was created in the state of Florida. The vehicle was subsequently removed to Georgia where it was repossessed. The court had to decide whether the rights of the creditor to a deficiency judgment are determined under Florida law or Georgia law. *Id.* The court concluded that Georgia law applies. Specifically, the court stated:

> Contrary to the assertion made here by the creditor, *the parties to the contract did not agree to be bound by Florida law with respect to repossession and resale,* the contract reciting only that 'In the event of a default ... seller shall have the right ... to (c) exercise any or all of the rights on default of a secured party under the Uniform Commercial Code.' *Absent an agreement that the law of another state shall govern, as to which we express no opinion, we hold that Georgia law applies to the repossession, resale, and right to a deficiency judgment since the collateral was located in Georgia at the time of repossession* and resale.

*Id.* at 799, 216 S.E.2d at 348 (emphasis added) (citations omitted).

The choice of law provision in the contract before the court states that Alabama law applies with respect to questions about the contract. As in *Bank of Miami*, the contract does not contain a choice of law provision with respect to repossession and resale. The only provision with respect to repossession and resale merely states that "The Sale will be governed by the Uniform Commercial Code." The contract does not specify which state's version of the UCC would apply. Accordingly, the court concludes that pursuant to the Georgia Court of Appeals holding in *Bank of Miami*, a Georgia court would find that Georgia law applies with respect to a car repossessed in Georgia when the parties have not specified in a contract that another state's law would apply to determine rights after repossession.

The court must now determine whether the Georgia law with respect to what rights a debtor retains after repossession is the same as what the Eleventh Circuit concluded the law is in Alabama. If the Georgia law is the same or similar to Alabama law, then the court would assume that the Eleventh Circuit would rule the same way with respect to a Georgia repossession. However, if the Georgia law is different from the Alabama law, then the Eleventh Circuit's holding in *In re Lewis* would not be controlling with respect to a Georgia repossession.

In *In re Lewis*, the Eleventh Circuit concluded that Alabama courts have continued to rely upon the common law of conversion, even after the Alabama legislature adopted the UCC in 1965. 137 F.3d at 1283–84. The court, however, finds that Georgia courts have in fact relied upon the UCC instead. For example, in *Jeweler's Financial Services, Inc. v. Chapes, Ltd.*, 181 Ga.App. 872, 354 S.E.2d 200 (1987), the court stated "The default provisions of the UCC do not automatically transfer title to a secured creditor merely by reason of the debtor's default." *Id.* at 872–73, 354 S.E.2d at 201 (citing O.C.G.A. § 11–9–501 et. seq.)

In *Chapes*, the debtor purchased a diamond ring from the creditor's store. Debtor executed a security agreement and financing statement, which the creditor timely filed. The security agreement provided that in the event of default the creditor shall be entitled to possession of the ring. *Id.* at 872, 354 S.E.2d at 201. Approximately five months after purchasing the ring the debtor pawned the ring. The debtor subsequently sold the pawn ticket to the pawn dealer, who sold the ring to a diamond dealer whose whereabouts were unknown.

Upon learning the ring had been pawned, the creditor instituted foreclosure proceedings on the ring and obtained a valid writ of possession. After discovering the whereabouts of the ring were unknown, the creditor filed a complaint in trover to obtain a money judgment. The trial court dismissed the case because the creditor had failed to present evidence of its security interest in the ring. *Id.*

On appeal, the creditor contended that the trial court erred in finding "that the interest which [the creditor] acquired after foreclosure on the secured property was less than absolute ownership." *Id.* The Georgia Court of Appeals agreed with the trial court. The court of appeals stated that the default provisions of the UCC "give broad rights to a secured party to repossess the secured property in order to sell or otherwise dispose of it upon default. At the time that [the creditor] foreclosed on the secured property, it obtained the right of possession, not absolute title." *Id.* at 873, 354 S.E.2d at 201. The court of appeals went on to conclude that "the trial court did not err in finding that [the creditor's] interest after foreclosure was less than absolute ownership." *Id.*

■ The court finds that, in accordance with *Chapes*, under Georgia law upon repossession a creditor acquires the right of possession, but not absolute title. As a result, a debtor retains a title interest in the vehicle.[7] Moreover, § 541(a) of the Code provides that "The commencement of a case ... creates an estate. Such estate is comprised of all of the following property, wherever located and by whomever held: (1) ... all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a).

■ The court finds that upon repossession Debtors retained an interest in the title to the vehicle. Furthermore, the court finds that this interest is sufficient to make the vehicle property of the estate. *See Brown v. Joe Addison, Inc. (In re Brown)*, 210 B.R. 878, 880 (Bankr.S.D.Ga.1997) ("It is undisputed that property repossessed pre-petition, but not disposed of, remains estate property and thus cannot be sold or otherwise disposed of post-petition without a court lifting stay.") (citing *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983)); *Chrysler Credit Corporation v. Caldwell (In re Caldwell)*, 81 B.R. 164, 165 (Bankr.M.D.Ga.1988) (citing *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983)).

■ The court will now address whether Honda should have relief from the automatic stay. Pursuant to § 362 of the Code, the filing of a bankruptcy petition "operates as a stay, applicable to all entities, of ... (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). Honda requests relief from the stay so that it may dispose of Debtors' car. The court notes, that because Debtors' car is property of the estate, pursuant to § 362(a)(3) of the Code the automatic stay applies to the vehicle. As a result, Honda was well advised to seek relief from the automatic stay before disposing of the vehicle.

Section 362(d) of the Code provides that the court shall grant relief from the automatic stay "for cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1). Moreover, the court can grant relief from the automatic stay when "(A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization." 11 U.S.C. § 362(d)(2). The court has already determined that the vehicle is necessary for an effective reorganization. Therefore, the court would grant relief from the stay only if Debtors have not adequately protected Honda's interest in the vehicle or Honda has otherwise shown "cause" for relief from the stay.

At the time of the hearing, Honda has possession of the vehicle. The court finds that as long as Honda retains possession of the vehicle it is adequately protected and its motion should be denied. However, with the anticipation that Honda will turn over the vehicle to Debtors, the court finds that Honda's motion is conditionally denied.

The denial of Honda's motion is conditioned upon the following adequate protection: (1) Debtors shall at all times provide proof of insurance on the collateral in accordance with the contractual agreement between the parties; (2) Debtors shall comply

---

**7.** This is at least true until the creditor properly disposes of the car in accordance with Section 11–9–504 of the Official Code of Georgia Annotated ("O.C.G.A.").

with the payments required to be made to the Trustee in their Chapter 13 plan as the same may be amended from time to time; and (3) upon written notification to the Chapter 13 Trustee by Honda that the collateral has been turned over to the Debtors, the Trustee shall make monthly disbursements to Honda preconfirmation in accordance with Debtors' plan as the same may be amended from time to time.

### Conclusion

In conclusion, the court finds that Georgia law applies to the repossession of a car repossessed in Georgia when the parties have not agreed that another state's law will apply to the repossession. Moreover, the court finds that under Georgia law a creditor upon repossession does not gain absolute title. As a result, a repossessed vehicle that has not been disposed of prepetition is property of the bankruptcy estate. Thus, Debtors' car became property of their bankruptcy estate upon filing for relief under Chapter 13 of the Code and is subject to the automatic stay. Honda has not otherwise shown "cause" for relief from the automatic stay.

This Memorandum Opinion is entered in accordance with (1) the court's Finding of Facts and Conclusions of Law as announced from the bench at the hearing on April 15, 1998, and (2) the order the court entered on April 16, 1998 conditionally denying Honda's motion for relief from the stay.