**In re ROZIER, Derryl Franklin, Debtor.**

**Rozier, Derryl Franklin, Movant,**

v.

**Motors Acceptance Corp., Respondent.**

**No. 02–41915.**

United States Bankruptcy Court, M.D. Georgia, Columbus Division.

Sept. 23, 2002.

Robert R. Lomax, Marchetti & Lomax, LLP, Columbus, GA, for creditor.

Brace W. Luquire, Columbus, GA, for debtor.

### MEMORANDUM OPINION

JOHN T. LANEY, III, Bankruptcy Judge.

On August 26, 2002, the court held an emergency hearing regarding a Motion for Contempt Against Motors Acceptance Corporation ("Contempt Motion") filed by Derryl Franklin Rozier ("Debtor"). During oral argument, the following issue was raised: Whether Debtor's car, which had been repossessed prior to Debtor's filing of a Chapter 13 case, was property of the bankruptcy estate. Shortly after this same issue was decided by the 11th Circuit Court of Appeals in *Hall v. Lewis* (*In re Lewis*), 137 F.3d 1280 (11th Cir.1998), pursuant to Alabama law, this court reached a different result in *American Honda Finance Corp. v. Littleton* (*In re Littleton*), 220 B.R. 710 (Bankr.M.D.Ga.1998), which distinguished Georgia law from Alabama law. In light of the recent case, *Bell–Tel Federal Credit Union v. Kalter* (*In re Kalter*), 292 F.3d 1350 (11th Cir.2002), this court has been asked to reconsider its *In re Littleton* decision. Respondent agreed to turn the automobile over to Debtor but did not concede that it was legally required to do so. The court took the matter under advisement. The parties were given an opportunity to submit briefs in support of their positions. The court has considered the parties' briefs, oral arguments, and the applicable statutory and case law. The court will grant Debtor's Motion for Contempt Against Motors Acceptance Corporation.

### FACTS

The facts are not in dispute here. On August 8, 2002, after Debtor had defaulted

on a loan for his automobile financed by Charles Levy's MotorMax, which later assigned its interest to Motors Acceptance Corporation ("Respondent"), Debtor's automobile was repossessed by Respondent using the self-help procedure allowed by Georgia law. On August 12, 2002 Debtor filed his Chapter 13 Bankruptcy action. Debtor, acting through counsel, attempted to regain possession of the automobile, but Respondent refused to turn over the automobile. Debtor then filed the Contempt Motion.

Debtor contends that the 11th Circuit Court of Appeals failed to consider *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983), when the court rendered its decision in *Kalter*. In *Whiting Pools*, the Court concluded that property taken in possession by a creditor, but not disposed of, remains property of the estate. *Whiting Pools*, 462 U.S. at 209, 103 S.Ct. 2309. Additionally, this court followed the reasoning of the *Whiting Pools* decision when it issued the *Littleton* opinion, stating that "upon repossession Debtors retained an interest in the title to the vehicle." *Littleton*, 220 B.R. at 715. Further, Bankruptcy courts in other circuits have followed *Whiting Pools* on this issue and one court even questioned the 11th Circuit Court of Appeals' decisions in *Kalter* and *Lewis*. *See Pontes v. Lapatin and Cunha (In re Pontes)*, 280 B.R. 20 (Bankr.D.R.I.2002); *Tidewater Finance Company v. Moffett (In re Moffett)*, 2002 WL 1726900, 2002 Bankr.LEXIS 760 (Bankr.E.D.Va.2002). Additionally, Georgia law can be distinguished from Alabama law and Florida law because Georgia case law supports the contention that Uniform Commercial Code ("U.C.C.") provisions do not automatically transfer title to a secured creditor upon repossession. Thus, in Georgia, repossession is not the same as a change of ownership, nor does repossession transfer all of a debtor's interest in the property to a secured creditor.

Respondent argues that this court should reconsider its *Littleton* opinion, in light of the *Kalter* case. While *Kalter* is based on Florida law, Georgia's law is said to be substantially similar to Florida law. Thus, the 11th Circuit Court of Appeals' reasoning in *Kalter* should apply to the issue before this court.

### DISCUSSION

■ While this issue has already been decided by this court in *Littleton*, the court did take the issue under advisement in light of the 11th Circuit Court of Appeals' recent decision in *Kalter*. While what is property of the bankruptcy estate is a matter of federal law, the nature of a debtor's interests and rights in property is determined by state law. *See Littleton*, 220 B.R. at 713 (quoting *Lewis*, 137 F.3d at 1283). To determine the answer to the question, who owns the collateral once it is repossessed, the court in *Kalter* first reviewed Florida's version of the U.C.C. *Kalter*, 292 F.3d at 1353. Finding that there was no clear language as to ownership status of repossessed property in Florida's U.C.C. provisions, the court looked for case law that might be instructive on the issue. *See id.* at 1356. Finding none, the court looked to Florida's transfer of ownership by operation of law statute, Florida Statute § 319.28, to determine the ownership issue. *See id.* at 1357. The court found that this statute contained explicit language which recognized the transfer of ownership at the time of repossession. *See id.* at 1358.

■ A similar approach can be taken in this case. However, a similar answer is not required. Upon reviewing Georgia's version of the U.C.C., it is substantially similar to Florida's version, in that it does not contain a clear answer to the issue of

who owns the collateral once it is repossessed. *See* O.C.G.A. § 11–9–101, *et seq.* Taking the next step, however, Georgia case law does provide the court with direction on this issue, as was pointed out in *Littleton. Littleton,* 220 B.R. at 714. According to the court in *Jeweler's Financial Services, Inc. v. Chapes, Ltd.,* 181 Ga.App. 872, 354 S.E.2d 200 (1987), the default provisions in Georgia's U.C.C. statute do not automatically transfer title to a secured creditor upon debtor's default. *Id.* at 872–873, 354 S.E.2d at 201. Thus, this court's reasoning in *Littleton* is still correct despite the 11th Circuit Court of Appeals' ruling in *Kalter.*

Additionally, Georgia's transfer of vehicle by operation of law statute substantially *differs* from the Florida statute of the same name. *Compare* O.C.G.A. § 40–3–34(b) with FLA. STAT. § 319.28. O.C.G.A. § 40–3–34(b) states "If the interest of the owner is terminated, whether the vehicle is sold pursuant to a power contained in a security agreement or by legal process at the instance of the holder either of a security interest or a lien, the transferee shall...." O.C.G.A. § 40–3–34(b). This provision clearly recognizes that ownership is not terminated until the sale of the collateral by the secured creditor or by legal process, neither of which has happened in this case. Thus, the repossessed automobile, which had not been sold by the creditor pre-petition, is property of Debtor's Chapter 13 bankruptcy estate.

■ The court finds Respondent in willful contempt of the automatic stay by refusing to turn over the automobile postpetition upon proof of insurance and presentation of a plan that provided for payment to Respondent. The court does not find cause for awarding punitive damages. However, Debtor's attorney may file an affidavit and proposed order for reasonable and necessary attorney's fees incurred after proof of insurance, presentation of a plan and demand was made. Respondent may file, within 10 days of service, a counter-affidavit and proposed order as a response to Debtor's request for attorney's fees.

Debtor may continue to retain possession of the automobile so long as the following conditions are met: Debtor is directed to maintain insurance and proof of insurance pursuant to the contractual agreement between the parties. Debtor agreed orally to amend his plan to provide 12% interest on the secured debt. Debtor is directed to make payments to the trustee as provided for by the plan.

Debtor's Motion for Contempt Against Motors Acceptance Corporation is granted. An order in accordance with this Memorandum Opinion will be entered.