**In the Matter of Ben BONNER, Debtor.**

**Ben Bonner, Movant,**

v.

**Purser Truck Sales, Respondent.**

**No. 02–54210 RFH.**

United States Bankruptcy Court, M.D. Georgia, Macon Division.

Dec. 2, 2002.

Brenda C. Youmas, Macon, GA, for Movant.

Molly L. McCollum, Macon, GA, for Respondent.

Camille Hope, Macon, GA, Chapter 13 Trustee.

### MEMORANDUM OPINION

ROBERT F. HERSHNER, Jr., Chief Judge.

Ben Bonner, Movant, filed on October 31, 2002, a Motion for Turnover of Property and for Sanctions. This matter came on for a hearing on November 12, 2002. The Court, having considered the evidence presented and the arguments of counsel, now publishes this memorandum opinion.

Movant purchased a 1998 Ford Expedition (the "vehicle") from Purser Truck Sales, Respondent. Respondent holds the first lien on the vehicle. Movant failed to make his monthly payments. Respondent repossessed the vehicle on September 17, 2002. Movant filed a petition under Chap-

ter 13 of the Bankruptcy Code on September 20, 2002. Respondent has possession of the vehicle and refuses to turn it over to Movant. Respondent has not sold the vehicle. Movant is still listed as the owner on the certificate of title.

Respondent contends that the vehicle is not property of Movant's bankruptcy estate.[1] Respondent contends that it is not required to turn over the vehicle. Respondent relies upon *Bell–Tel Federal Credit Union v. Kalter (In re Kalter),*[2] a recent decision by the Eleventh Circuit Court of Appeals. This Court has carefully considered the *Kalter* decision as well as Georgia's version of the U.C.C. and Georgia's certificate of title statutes. The Court has also considered *Rozier v. Motors Acceptance Corp. (In re Rozier)* [3] (under Georgia law, ownership not terminated until the sale of the collateral by the secured creditor or by legal process). The Court is persuaded that it should follow the decision in *Rozier.*

Respondent argues, however, that *Rozier* failed to address the last sentence of O.C.G.A. § 40–3–34(b), which provides as follows:

> 40–3–34 Transfer of vehicle by operation of law; joint interest with survivorship.
>
> . . . .
>
> (b) . . . If the holder of a security interest or lien succeeds to the interest of the owner and holds the vehicle for resale, he need not secure a new certificate of title but, upon transfer, shall promptly deliver to the transferee the last certificate of title, if available, and such other documents as the commissioner may require by rule or regulation.

O.C.G.A. § 40–3–34(b) (2001).

That sentence simply provides that if a lienholder succeeds to the interest of the owner and holds the vehicle for resale, the lienholder need not secure a new certificate of title until the vehicle is transferred to a third party. The Court is persuaded that, as stated in *Rozier,* ownership of a vehicle is not terminated unless the vehicle is sold by the secured creditor or by legal process. The Court is not persuaded that repossession, by itself, is sufficient to terminate ownership under Georgia law.

An order in accordance with this memorandum opinion will be entered this date.

---

1. *See* 11 U.S.C.A. § 541(a)(1) (West 1993) (property of the estate includes all legal and equitable interests of the debtor in property as of the commencement of the case).

2. 292 F.3d 1350 (11th Cir.2002).

3. 283 B.R. 810 (Bankr.M.D.Ga.2002) (Laney, J.).