[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 28, 2003
THOMAS K. KAHN
CLERK

_____

No. 03-12685
Non-Argument Calendar

_____

D. C. Docket Nos. 02-00167-CV-2-CDL-4
02-41915 BKC-JT

IN RE: DERRYL FRANKLIN ROZIER,

Debtor.

MOTORS ACCEPTANCE CORPORATION,

Plaintiff-Appellant,

versus

DERRYL FRANKLIN ROZIER,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(October 28, 2003)

Before TJOFLAT, BIRCH and RONEY, Circuit Judges.

PER CURIAM:

CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT TO THE SUPREME COURT OF GEORGIA, PURSUANT TO O.C.G.A. § 15-2-9.

TO THE SUPREME COURT OF GEORGIA AND ITS HONORABLE JUSTICES:

Motors Acceptance Corporation ("Motors Acceptance") appeals the district court's affirmance of the bankruptcy court's grant of Derryl Franklin Rozier's ("Rozier") motion for contempt in a Chapter 13 bankruptcy proceeding. In affirming the bankruptcy court's order holding Motors Acceptance in contempt for failure to return to the debtor an automobile repossessed prior to the filing of the Chapter 13 petition, the district court construed Georgia law as providing that both legal title and right of redemption of a vehicle remain with a debtor, after a creditor's repossession of that vehicle.

There appears to be no issues of fact. The parties agree that the case turns on state law. Having found no case law addressing this exact issue of Georgia law, we certify the following question of law to the Supreme Court of Georgia and postpone any further consideration of this appeal until we receive an answer from that court.

Rozier purchased an automobile in the State of Georgia, with financing which was assigned to Motors Acceptance. On August 8, 2002, Motors Acceptance repossessed the vehicle due to Rozier's failure to make installment payments as set

forth in the sales contract. A few days later, on August 12, Rozier filed a petition under Chapter 13 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Middle District of Georgia. Soon after filing his petition, Rozier requested that Motors Acceptance return possession of the vehicle back to him, which Motors Acceptance declined to do. He then filed a motion for contempt against Motors Acceptance for its refusal to return the vehicle. Although possession was relinquished under a Temporary Turnover Order, the parties reserved their right to pursue the issue. The bankruptcy court ultimately granted Rozier's motion for contempt, holding Motors Acceptance in willful contempt of the automatic stay under 11 U.S.C. § 362 by refusing to return the automobile. The district court affirmed the bankruptcy court's contempt order, holding that because, under its interpretation of Georgia law, both the right of redemption and legal title of a vehicle remain with a debtor even after a creditor's repossession of that vehicle, Rozier's automobile should have been relinquished by Motors Acceptance to him as part of his Chapter 13 bankruptcy estate during the pendency of his bankruptcy petition. *See Motors Acceptance Corp. v. Rozier*, 290 B.R. 910, 913 (M.D. Ga. 2003).

Under the Bankruptcy Code, a court may order a third party to turn over to the debtor's bankruptcy estate property in its possession if, among other things, such property is considered "property of the estate." 11 U.S.C. §§ 541, 542. "Property of

3

the estate" includes "all legal or equitable interests of the debtor in property as of the commencement of the case." *Id.* § 541(a)(1); *see also Bel-Tel Fed. Credit Union v. Kalter*, 292 F.3d 1350, 1351 (11th Cir. 2002).

The dispositive question on this appeal is whether a vehicle repossessed prior to the filing of a Chapter 13 bankruptcy petition is in fact the property of the debtor's bankruptcy estate. The answer to this question turns on whether, under Georgia law, legal ownership passes to a creditor at the time of repossession. *See Bel-Tel Fed. Credit Union*, 292 F.3d at 1353 (noting that "the nature and existence of the [debtor's] right to property is determined by looking at state law") (internal quotation and citation omitted).

This Court has held that under Florida and Alabama law a defaulted vehicle debtor has no ownership rights, other than a right of redemption, which is an insufficient ownership interest for that vehicle to be considered part of the debtor's bankruptcy estate. *See Bel-Tel Fed. Credit Union,* 292 F.3d at 1360 (interpreting Florida law); *Lewis v. Charles R. Hall Motors, Inc.*, 137 F.3d 1280, 1285 (11th Cir. 1998) (interpreting Alabama law). The district court held, and appellee Rozier argues, that Georgia law is different from Florida and Alabama law, and that in addition to a right of redemption, the debtor had ownership rights entitling him to possession of the automobile.

4

If, as the district court held, both legal title and the right of redemption of a vehicle remain with a defaulted debtor even after his creditor's repossession of the vehicle, then the vehicle remains part of the debtor's bankruptcy estate under § 541(a)(1) of the Bankruptcy Code, and the district court properly affirmed the bankruptcy court's order holding Motors Acceptance in contempt for failure to relinquish the vehicle back to Rozier after he had filed his bankruptcy petition. If, as Motors Acceptance contends on appeal, Georgia law affords a debtor no right in a repossessed vehicle *other than a right of redemption*, then the district court erred by concluding that the repossessed vehicle was part of the bankruptcy estate and thus abused its discretion by finding Motors Acceptance in contempt for failure to relinquish the same.

To answer these questions, this Court now certifies the following question of Georgia law to the Supreme Court of Georgia:

> DOES LEGAL TITLE, OR ANY OTHER OWNERSHIP INTEREST THAT WOULD GIVE A RIGHT OF POSSESSION, PASS TO THAT CREDITOR UNDER GEORGIA LAW UPON REPOSSESSION OF AN AUTOMOBILE SUBSEQUENT TO A DEBTOR'S DEFAULT ON AN AUTOMOBILE INSTALLMENT LOAN CONTRACT, OR DOES SUCH LEGAL TITLE OR OTHER OWNERSHIP INTEREST REMAIN IN THE DEBTOR?

We certify the above-styled question to the Supreme Court of Georgia. The phrasing used in this certified question should not restrict that court's consideration of the problems of state law posed by this case.

QUESTION CERTIFIED.