S04Q0360. MOTORS ACCEPTANCE CORPORATION v. ROZIER.
(597 SE2d 367)

FLETCHER, Chief Justice.

The question certified by the Eleventh Circuit in this case is whether, under Georgia law, ownership of collateral passes from a debtor to a creditor upon repossession. For the reasons that follow, we hold that ownership remains with the debtor until the creditor disposes of or elects to retain the collateral in accordance with the procedures of the Georgia Uniform Commercial Code.

On August 8, 2002, creditor Motors Acceptance Corporation (MAC) repossessed an automobile from debtor Derryl Rozier for nonpayment under the terms of their installment loan sales contract.[1] On August 12, 2002, Rozier filed for Chapter 13 bankruptcy and sought to regain possession of the vehicle. MAC agreed to return the vehicle to Rozier, but argued that it was not legally required to do so. The United States Bankruptcy Court for the Middle District of Georgia held that the vehicle was part of Rozier's bankruptcy estate under Georgia law and that return of the vehicle to Rozier was proper.[2] MAC appealed, and the United States District Court for the Middle District of Georgia affirmed.[3] MAC appealed to the Eleventh Circuit, which certified the question before us now.[4]

1. Consistent with prior decisions from the Court of Appeals of Georgia[5] and the Georgia bankruptcy courts,[6] we hold that ownership of such collateral does not pass to a creditor upon repossession for

---

[1] The contract was originally entered into by Rozier and Charles Levy's MotorMax, which later assigned its interest to MAC. See *In re Rozier*, 283 B.R. 810, 811-812 (Bankr. M.D. Ga. 2002).

[2] Id. at 813. The bankruptcy court also held MAC in willful contempt of the automatic stay for failing to return the vehicle after Rozier presented his post-petition plan for paying MAC. Id.

[3] *Motors Acceptance Corp. v. Rozier*, 290 B.R. 910 (Bankr. M.D. Ga. 2003).

[4] *Motors Acceptance Corp. v. Rozier*, 348 F.3d 1305 (11th Cir. 2003).

[5] *Jeweler's Fin. Svcs. v. Chapes, Ltd.*, 181 Ga. App. 872, 872-873 (354 SE2d 200) (1987).

[6] *Am. Honda Fin. Corp. v. Littleton*, 220 B.R. 710, 715 (Bankr. M.D. Ga. 1998).

nonpayment under an installment loan sales contract. Revised Article 9 of the Georgia Uniform Commercial Code (OCGA § 11-9-101 et seq.) governs our analysis.[7]

The UCC's statutory framework makes clear that repossession alone is not enough to extinguish the debtor's ownership in the collateral, but that a creditor must go through additional steps after repossession to obtain ownership. For example, OCGA §§ 11-9-610 to -614 provide the procedure by which a creditor may dispose of collateral after default, and OCGA § 11-9-610 (c) specifically provides that the "secured party may purchase [the] collateral." The creditor would not need to purchase the collateral if it already owned it. Also, OCGA §§ 11-9-620 to -622 allow a creditor to accept the collateral in full or partial satisfaction of the debt with the debtor's consent. These provisions would also be meaningless if the creditor already owned the collateral. "This Court is to construe the statute to give sensible and intelligent effect to all of its provisions and to refrain from any interpretation which renders any part of the statute meaningless."[8]

MAC argues that a debtor has only one right after repossession, the right of redemption under OCGA § 11-9-623, and that this right is insufficient to constitute ownership. The right of redemption is an important right, but MAC is incorrect that it is a debtor's only right after repossession. Under the UCC, a debtor's rights also include: to demand that the creditor act with due care to preserve the collateral (OCGA § 11-9-207 (a)); to be notified before the creditor disposes of the collateral (OCGA §§ 11-9-611 to -614); to remittance of any surplus from sale of the collateral (OCGA § 11-9-615 (d) (1)); and to damages for the creditor's failure to comply with the UCC's provisions (OCGA § 11-9-625). These rights further reveal the UCC's intention to treat the debtor as the owner of the repossessed collateral until the creditor complies with the statutory procedures for disposition or retention of the collateral. The vast majority of courts have also reached this conclusion.[9]

2. MAC asks us to adopt the Eleventh Circuit's holdings in *Bell-Tel Federal Credit Union v. Kalter*[10] and *Lewis v. Charles R. Hall Motors*,[11] which held that repossessed collateral was not part of the

---

[7] OCGA § 11-9-109 (a) (1) ("this article applies to . . . a transaction, regardless of its form, that creates a security interest in personal property . . . by contract").

[8] *State v. English*, 276 Ga. 343, 348 (578 SE2d 413) (2003).

[9] See *In re: Sanders*, 291 B.R. 97, 102 (Bankr. E.D. Mich. 2003) (" 'the vast majority of courts have concurred that where repossession of a vehicle has occurred prepetition, but the vehicle has not yet been sold, a Chapter 13 debtor retains a sufficient interest in the vehicle so that turnover [to the debtor's bankruptcy estate] may be appropriate' "), quoting *Spears v. Ford Motor Credit Co.*, 223 B.R. 159, 162 (Bankr. N.D. Ill. 1998).

[10] 292 F.3d 1350 (11th Cir. 2002).

[11] 137 F.3d 1280 (11th Cir. 1998).

debtor's bankruptcy estate under Florida law and Alabama law, respectively.

However, those decisions do not conflict with our holding in the present case, nor do they warrant extension to Georgia law. Neither of those cases were decided under the UCC. *Kalter* was decided under the Florida Certificate of Title Act, and *Lewis* was decided under Alabama's common law of conversion.

In addition, relevant provisions of UCC Article 9 have been revised since those decisions. The court in *Kalter* based its decision on Florida's Certificate of Title statute, but Georgia's revised Article 9 makes clear that the Georgia Motor Vehicle Certificate of Title Act (OCGA § 40-3-1 et seq.) does not alter the substantive rights of the parties and thus does not control the question before us.[12] Moreover, if it were considered, it would only support our holding. As the bankruptcy court in the present case correctly stated, OCGA § 40-3-34 (b) "clearly recognizes that [debtor's] ownership is not terminated until the sale of the collateral by the secured creditor or by legal process, neither of which has happened in this case."[13]

There is another important difference between the present case and *Kalter*. Under the UCC, when a creditor disposes of repossessed collateral, the rights acquired by the transferee are "all of the debtor's rights in the collateral."[14] Because the transferee obtains ownership of the collateral, it follows that this was one of the debtor's rights. The court in *Kalter* gave no weight to this provision, however, because Florida's pre-revision definition of "debtor" was broad enough to include the creditor who had repossessed.[15] Georgia's revised UCC, on the other hand, makes clear that the definition of "debtor" cannot include such creditors,[16] and thus this provision also supports our holding.

For the reasons above, we hold that ownership of collateral does not pass to a creditor upon repossession, but remains with the debtor until the creditor complies with the disposition or retention procedures of the Georgia UCC.

*Question answered. All the Justices concur.*

---

[12] New section OCGA § 11-9-619 (c) provides that the transfer of legal title "is not of itself a disposition of collateral under this article and does not of itself relieve the secured party of its duties under this article."

[13] 283 B.R. at 813. OCGA § 40-3-34 (b) provides that "[i]f the interest of the *owner* is terminated, whether the vehicle is sold pursuant to a power contained in a security agreement or by legal process at the instance of the holder either of a security interest or lien, the transferee shall . . ." (emphasis supplied).

[14] In *Georgia, this provision is* OCGA § 11-9-617 (a) (1).

[15] 292 F.3d at 1354.

[16] OCGA § 11-9-102 (a) (29) ("debtor" defined as "a person having an interest, other than a security interest . . .").

DECIDED JUNE 7, 2004.

*Marchetti & Lomax, Robert R. Lomax*, for appellant.
*William A. Edwards, Jr., Brace W. Luquire*, for appellee.