[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

**FILED**

**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**July 19, 2004**
**THOMAS K. KAHN**
**CLERK**

_____

No. 03-12685
Non-Argument Calendar

_____

D. C. Docket Nos. 02-00167-CV-2-CDL-4
and 02-41915 BKC-JT

IN RE:  DERRYL FRANKLIN ROZIER,

Debtor.

MOTORS ACCEPTANCE CORPORATION,

Plaintiff-Appellant,

versus

DERRYL FRANKLIN ROZIER,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(July 19, 2004)**

Before TJOFLAT, BIRCH and RONEY, Circuit Judges.

PER CURIAM:

Motors Acceptance Corporation, a creditor, appealed an order holding it in contempt for failure to return on demand to a Chapter 13 debtor his automobile that it had repossessed for the failure to make installment payments prior to the filing of his Chapter 13 Bankruptcy petition. Deciding that the validity of the contempt order turned on an undecided issue of Georgia state law, we certified the question to the Supreme Court of Georgia. *See Motors Acceptance Corp. v. Rozier*, 348 F.3d 1305 (11th Cir. 2003).

We have now received an answer to that Certified Question. *See Motors Acceptance Corp. v. Rozier*, No. S04Q0360, slip op. at 7, ___ S.E.2d ___ (Ga. June 7, 2004). Based upon the Georgia law therein establishing that ownership of a motor vehicle remains with the debtor after repossession by a creditor, without further proceedings, we affirm the decision that the vehicle should have been returned to the Chapter 13 bankruptcy debtor on demand.

In our prior opinion, we stated:

> The dispositive question on this appeal is whether a vehicle repossessed prior to the filing of a Chapter 13 bankruptcy petition is in fact the property of the debtor's bankruptcy estate. The answer to this question turns on whether, under Georgia law, legal ownership passes to a creditor at the time of repossession.

348 F.3d at 1306. We determined that if, under Georgia law,

2

both legal title and the right of redemption of a vehicle remain with a defaulted debtor even after his creditor's repossession of the vehicle, then the vehicle remains part of the debtor's bankruptcy estate under § 541(a)(1) of the Bankruptcy Code, and the district court properly affirmed the bankruptcy court's order holding Motors Acceptance in contempt for failure to relinquish the vehicle back to Rozier after he had filed his bankruptcy petition.

348 F.3d at 1307.

Because no Georgia case had addressed this exact issue, we certified the following question to the Supreme Court of Georgia:

DOES LEGAL TITLE, OR ANY OTHER OWNERSHIP INTEREST THAT WOULD GIVE A RIGHT OF POSSESSION, PASS TO THAT CREDITOR UNDER GEORGIA LAW UPON REPOSSESSION OF AN AUTOMOBILE SUBSEQUENT TO A DEBTOR'S DEFAULT ON AN AUTOMOBILE INSTALLMENT LOAN CONTRACT, OR DOES SUCH LEGAL TITLE OR OTHER OWNERSHIP INTEREST REMAIN IN THE DEBTOR?

The Supreme Court of Georgia has answered that "ownership of collateral does not pass to a creditor upon repossession, but remains with the debtor until the creditor complies with the disposition or retention procedures of the Georgia UCC." *Motors Acceptance Corp. v. Rozier*, No. S04Q0360, slip op. at 7, ___ S.E.2d ___ (Ga. June 7, 2004).

Because legal title and the right of redemption of the vehicle remained with Derryl Franklin Rozier, a defaulted debtor, after creditor Motor Acceptance repossessed that vehicle, but had not yet complied with the disposition or retention

3

procedures of the Georgia Uniform Commercial Code, the district court did not err by affirming the bankruptcy court's order holding Motors Acceptance in willful contempt of the automatic stay under 11 U.S.C. § 362 by refusing to return the vehicle.

AFFIRMED.